BOUCK AND MACOMB *against* WILBER.

This Court will correct a *mistake* of an *extra judicial* nature, in an *award* of arbitrators, and decree a performance of it *in specie.*

As, where there was a dispute between the plaintiff and defendant, as to fifty acres of land, in the possession of the defendant, and the parties agreed to submit the matter to arbitrators, who were to appraise the value of the land, and the defendant was to pay the amount of the appraisement to the plaintiff, who was to execute a release of the land to the defendant; and the arbitrators, in their award, having appraised the fifty acres in the possession of the defendant, through a mere clerical mistake and inadvertence, in describing the land, stated the bounds erroneously, so as to include about one acre only, of the land in the defendant's possession: *Decreed*, that the award be corrected according to the truth of the fact, and a specific performance thereof accordingly.

THE bill, filed *August* 4, 1819, stated, among other things, that the plaintiffs were owners of several lots of land in *Lawyer and Gimmer's Patent*, in *Schoharie* county, and among the rest, of fifty acres, part of lot No. 1, in the first allotment of the patent. That, in 1811, an action of eject-ment was brought by the plaintiffs against the defendant, who was in possession of the fifty acres. That when the suit was ready for trial at the circuit, the defendant, and others, on the 22d of *September*, 1813, entered into an agreement, by which the legal title of the plaintiffs to the land was admitted : and it was agreed, between the parties, that *Archibald Croswell, John Adams,* and *Jabez D. Ham-mond,* or any two of them, should appraise in writing, on or before the 10th of *June* next, the sum which the defend-ant, and others, should, under all the circumstances, pay to the plaintiffs for the lots so occupied, and for costs ; and the appraisers were authorized to decide on equitable as well as

*May* 25th.

+ *Zimmer's*

legal principles; and the sums so ascertained were to be paid in four annual instalments, secured by bond and mortgage on the land. And the plaintiffs agreed, on their part, in consideration of the sums so ascertained and secured to be paid, to convey the lots to the defendant and the others. That the arbitrators, after hearing the parties and their proofs, on the 19th of *May*, 1814, made their award under their hands and seals, by which they appraised the sum which the defendant was to pay for the fifty acres in his possession, at 337· dollars and 50 cents, and for the costs of the ejectment, 68 dollars and 68 cents, making, together, 406 dollars and 18 cents. That the arbitrators, in discribing the fifty acres possessed by the defendant, *by mere mistake*, and inadvertence, gave an erroneous description of the boundaries. That the plaintiffs being always ready to perform the award on their part, on the 30th of *June*, 1819, executed a deed of conveyance of the fifty acres, to the defendant, and tendered the same to the defendant, on the 17th of *July*, and demanded payment of the sum so awarded ; but the defendant refused to pay the money, and receive the deed, and still continues in possession of the land, and has received the rents and profits. *Prayer*, that the defendant should be decreed to pay to the plaintiffs the 406 dollars and 18 cents, with interest and costs, &c., and for general relief.

The answer of the defendant denied that the plaintiffs were owners of the fifty acres, and averred that he had the legal title to the land. That he entered into the agreement as to the submission, merely to avoid further litigation. He admitted the award as set forth ; that in regard to the defendant, it includes only one acre, and twenty-two rods, of lot No. 2, in the great subdivision of lot No. 1 ; and that No. 2 is the one owned and possessed by him. He admitted that the arbitrators might have appraised lot No. 2, it being occupied and claimed by the defendant, and had, through mistake, and misapprehension, give a wrong description of it, yet he

. did not know it to be so, though he had some reason to believe it. But, if that was the appraisement and intention of the arbitrators, they ought to have inserted the true boundaries in their award. He admitted the tender of a deed, &c., and a refusal, on his part. He stated, that the plaintiffs brought an action at law against the defendant, on the award, to recover the amount, that the defendant pleaded the mistake, &c., and a verdict was found for the defendant, on which judgment was given in *May*, 1819. That the sum at which the fifty acres were appraised was no more than the fair value; and that he refused to comply with the award, because it was illegal and void.

Witnesses were examined on both sides, and the cause was brought to a hearing on the pleadings and proofs.

*H. Hamilton* and *H. Bouck*, for the plaintiffs. They cited 2 *Vernon*, 24. *Kyd on Awards*, 332. 334. 1 *Atk.* 63. 3 *Atk.* 494. 529. 644. 3 *P. Wms.* 186. 5 *Ves.* 346. 1 *Johns. Ch. Rep.* 101. 2 *Johns. Ch. Rep.* 276.

*S. A. Foot*, contra, cited 16 *Johns. Rep.* 227. 1 *Madd. Ch. Pr.* 65. 6 *Ves.* 34.

THE CHANCELLOR. It appears very clearly from the answer and the proofs, that the arbitrators did appraise and determine according to the articles of submission, the sum which the defendant, under all the circumstances of the case, ought to pay for the fifty acres of land which he occupied and claimed. They inadvertently made a mistake in setting out in the award a description of the land; and the description takes in adjoining land, with only a small part of the fifty acres. The mistake is too palpable to be denied, but it was a mistake only of a clerical nature in drawing up the award. The judgment of the arbitrators was truly exercised and passed upon the object of the submission; and the appraisement is admitted to have been just and fair when ap-

plied to the defendant's land.    There can be no doubt, there-fore, that the defendant is bound, in good faith, and in con-science, to fulfil the award on his part, according to the judgment and manifest intent of the arbitrators ; and the mis-take in the description of the boundaries of the land ought to be corrected according to the truth of the case, and the intention of the parties concerned.    Had the arbitrators ap-praised a different tract of land, instead of the fifty acres pos-sessed by the defendant, there would have been good ground for rejecting the award as *dehors* the submission.    But here the determination was upon the very matter in dispute, and the judgment of the arbitrators is not questioned.    The plaintiffs are only seeking the benefit of that judgment, and to be relieved from a plain mistake which impedes it. They are certainly entitled to relief upon the plainest princi-ples of justice; and they can obtain it consistently with the general doctrine of the Court, and the language of all the cases.

In *Norton* v. *Mascall*, (2 *Vern.* 24.) an award was made not binding, as the case says, by form of law.    Each party had a duty to perform under it.    The one was to pay and execute a release, and the other to assign securities.    And though " the award was *extra judicial*, and not good, in strictness of law, yet the Lord Chancellor decreed it should be performed in *specie*."    It seemed to be well understood in many of the cases referred to in *Underhill* v. *Van Cort-landt*, (2 *Johns. Ch. Rep.* 339.) that such mistakes of an extra judicial nature, and not bearing upon the judgment of the arbitrators, were to be corrected.    It was assumed in that case, and in *Shepard* v. *Merrill*, (2 *Johns. Ch. Rep.* 296.) that a mistake in a matter of fact attending an award, could be relieved ; and though the decree in the former case has been since reversed by the Court of Errors,(a) it was,

(a) Vide 17 *Johns. Rep.* 405—436.

as I understood, on the ground of misconduct in the arbitrators or the party, and I believe I may venture to conclude that the whole law of that case remains sound and unshaken.

I shall, accordingly, declare, that the plaintiffs are entitled to the benefit of the award, according to the assessment of the arbitrators, and that the erroneous description of the premises shall be deemed to be corrected according to the truth of the fact. The decree must, accordingly, be entered, that the defendant, within thirty days, and on an offer of the deed tendered in *July* last, or of another of like import, duly executed, pay to the plaintiffs the sum of 406 dollars and 18 cents, awarded, with interest, from the day of the tender of the deed, and costs of the suit to be taxed.