BEAN *v.* WENDELL.

An award, made contrary to principles agreed on by the parties at the hearing, may be set aside or corrected in equity; and when the fact does not appear upon the face of the award itself, it may be ascertained by the answer of the defendant.

IN CHANCERY. The bill stated that April 21, 1838, an action of trespass, brought by one Dorothy Wendell against the plaintiff, for trespass upon her close, in Lyman,

and cutting and carrying away her timber trees, was pending in the Court of Common Pleas for Grafton county: That prior to that day said Dorothy died, and the defendant, one of the executors, prosecuted said action for his own benefit; that on said day the plaintiff proposed to G. & W., the defendant's attorneys, to buy the land; and an agreement was made between said attorneys in behalf of the defendant, and the plaintiff in his own behalf, in pursuance of which the latter gave his note for $38, costs of suit, to G. & W., and three notes to the defendant for $66, $67 and $67, and annual interest, payable in one, two and three years: That the agreement was reduced to writing, and is set out in the bill, and is substantially as follows: The three notes, amounting to $200, are to pay for forty acres joining the fifty acres the plaintiff bought of J. Richardson, westerly of the "Andrews piece." The plaintiff is to take all in "the right" said Dorothy died seized of, "if it does not exceed fifty acres; and if it does, he is to take *all, if he pleases,* at $5 per acre, and if not, he is to take the forty acres only, at $5 per acre." There are other provisions, not material. The notes and their avails are to remain with G. & W. until a bond, with sufficient assurance for a deed, shall be filed with said G. & W., and in default of such bond or deed, on the payment of the notes, the money to be refunded. The plaintiff to cut no timber till he pays the first note, and not over half till the second is paid or security given. If Dorothy died seized of less than forty acres in said right, a deduction to be made accordingly. There are other provisions, not material. The bill proceeds to state that the plaintiff was induced to purchase the land to end the controversy, and in consideration of the defendant agreeing to convey the land, was willing and agreed to give his note for the costs, ($38) as aforesaid, the land being contiguous to his, and the result of the suit depending upon the unsettled division line; that the plaintiff paid all the notes at or before maturity, gave notice thereof to the defendant, and

" demanded a conveyance of *the land,*" and repeated the demand several times from April 3, 1841, to September 7, 1843, to which the defendant replied that he could not convey, the land being in fact incumbered; that on September 7, 1843, the plaintiff gave notice that he had paid the notes, that the land exceeded fifty acres, and that he should take only forty, and demanded a title, and the defendant neglecting and refusing to make a title, the plaintiff, in March, 1846, demanded of G. & W. the repayment of the $200 and interest he had paid; that in November, 1846, the plaintiff and defendant entered into arbitration of the matters, before E. Carleton, D. G. Goodall and G. Cummings, who heard the parties, April 27, 1847; that at the hearing, the defendant claimed that the plaintiff should take and pay for *all* the land described in the agreement; but if the arbitrators should find that by the defendant's default the plaintiff had become entitled to the return of the money, and justified in refusing to complete the purchase, then the defendant claimed the value of the timber taken off by the plaintiff. On the other hand, the plaintiff offered evidence that the whole tract exceeded fifty acres, and that he elected to take only forty acres, for which he had paid as aforesaid; that he had given notice thereof to the defendant, and made a demand of a deed, which the defendant neglected to give. The plaintiff assented that the arbitrators should consider and allow to the defendant the value of the timber removed. He also exhibited counter claims growing out of the transactions, and among other things a claim for $38, paid for costs, with interest, $26.52, being the note of $38 above named. This he claimed on the ground that it was originally paid by him in part in consideration of the defendant's agreement to convey the land, and as part price thereof, and on the ground that a part of the land on which the alleged entry was made proved, on an accurate survey, to be the plaintiff's; that he was proceeding to examine witnesses to show by the above fact that said action of trespass could

not have been maintained; whereupon " the defendant interfered, and conceded that if the arbitrators should find that the said defendant was not entitled, in consequence of his neglect to convey, to require your orator to take and pay for said land, the arbitrators should, without further proof, allow said plaintiff against said defendant the amount claimed by him as aforesaid, on account of the costs in said action of trespass." Whereupon the plaintiff forbore, by reason of the concession, to offer proof on that head, though prepared to do so : That the arbitrators awarded to the defendant $60, on account of timber cut, and $69.42 costs, and at the same time found that said defendant was not entitled, in consequence of his neglect to convey, to require the plaintiff to take the land, and by accident or mistake wholly omitted to allow the plaintiff anything for costs, as agreed and conceded; that the defendant has brought his action on the award in the Court of Common Pleas, where the action is still pending.

Prayer for injunction and general relief.

The answer admitted that the action had been commenced as stated, and that, by the death of Dorothy Wendell, the defendant and one Jacob Wendell, her executors, had become legal plaintiffs therein ; that the action was compromised and adjusted by an agreement signed by the plaintiff and by G. & W., for the executors, substantially set out in the bill, and admitted that so far as the agreement purports to bind him personally, it has been ratified by him ; that the four notes were given by the plaintiff, and paid as stated, and the amount of three of them having been reclaimed, was refunded to him ; and said that the tract of land named in the writing contained near ninety-nine and one half acres ; that soon after the execution of the agreement, the plaintiff entered and cut timber promiscuously upon various parts of it, and said he had bought it; offered to sell portions of it ; asserted claims for damages done by strangers upon it, and continued in the undisturbed pos-

session of it as late as 1844 or 1845, indicating that in the exercise of the option reserved in the agreement, he had chosen to purchase the whole tract at $5 per acre : Admitted divers loose intimations from various sources, prior to September 7, 1843, that the plaintiff desired a conveyance of some of the land, and on that day a demand of forty acres, particularly described by the agent making the demand. But conceiving the plaintiff bound by his conduct to take the whole, submits that he was not bound to accede to the request made; admitted the title to have been embarrassed, so that he could not convey till 1845; but as plaintiff continued to cut the timber long after the demand in 1843, he must be taken to have acquiesced in the delay; and finding that the plaintiff would neither complete the purchase or pay for the timber he had cut, the defendant filed his bill, which was pending in November, 1846, when the arbitration was entered upon, as stated in the bill. The articles are set out in the answer. The hearing was at the time stated, but the *claims of* the defendant were made in writing, *in haec verba.* " Wendell contends that Bean ought to take all the unsold land in right 64, and pay at $5 per acre, with annual interest from April 21, 1838; otherwise pay indemnity for the breach of the contract, and depreciation of the land, by reason of the removal of timber by him cut both before and since April, 1838 ;" and that the plaintiff's statement in this particular is incorrect; also admitted that the plaintiff exhibited, *inter alia,* his claim for $38, and interest, as stated in the bill, and on grounds then stated; that he offered evidence of some kind to show that the action, settled in 1838, could not have been maintained; that the defendant objected to the admission of it, and, to cut short discussion, did concede that if the arbitrators should find that this defendant should recover nothing of said plaintiff, they should, without proof, award the $38, and interest, to the plaintiff. Denies the statement of the bill in this particular, and admits

that by reason of this concession, or for other cause, the plaintiff did not further urge the introduction of the evidence; denies that arbitrators *found* that the defendant, by reason of his neglect to convey, was not entitled to require said Bean to take and pay for said land, and sets out the award *in tot. verb.*; the substantial part of which is, "that the said William P. Bean pay to the said Wendell the sum of $60 in damages, and the sum of $69.42 costs;" which award the defendant submits is *conclusive evidence* of what the arbitrators DID or *did not* FIND; denies that they committed any mistake but in not awarding more favorably to the defendant.

To this answer there were several exceptions, to all of which the defendant submitted except the seventh, which was as follows: 7. "Because said defendant does not sufficiently set forth whether the said arbitrators found that the said defendant was not entitled, in consequence of his neglect to convey, to require said plaintiff to take and pay for said land, but on the contrary the said defendant's answer on that point is evasive and insufficient."

*Bellows,* for the plaintiff.

*Livermore,* for the defendant.

GILCHRIST, C. J. The plaintiff brings his bill to set aside an award, upon the ground that the defendant had agreed that, on certain conditions, the arbitrators should award more favorably than they have done for the plaintiff. This condition was that the arbitrators should find that Wendell was not entitled to require Bean to take and pay for the land; and the plaintiff insists that he is entitled from the defendant to a full and sufficient answer on the point, whether they did or did not so find. The defendant, on the other hand, insists that he has sufficiently answered when he sets out the award itself, and refers to it

Bean *v.* Wendell.

as containing the only proper evidence as to what the arbitrators did or did not find : that the court will not, for the purpose of this cause, inquire upon what grounds the arbitrators proceeded in making their award, or what they did or did not find, so long as the face of the award does not show it.

But this is a proceeding to set aside or to rectify an award, as having, through error and misapprehension on the part of the arbitrators, been made against the terms fixed and agreed on by the parties themselves ; or, in other phrase, not being in consonance with the submission. The award itself is therefore entirely without significance in determining the question to which the exception refers, and in referring to that the defendant evades the point to which he is called by the statement and interrogatory of the bill to answer.

In the absence of fraud, accident or mistake, the court will not in general revise the awards of referees ; and it is plain that in a great many cases awards are made, which, if closely scrutinized, would appear to have proceeded upon error and misapprehension of some kind, which are yet sustained, because the error is not capable of being set right without infringing upon the unquestionable powers and functions of the arbitrators. But where there is evidence that a mistake has clearly intervened, of a nature that admits of its being pointed out, and where it clearly appears that but for that mistake a different award would have been made from the one that has been made, the case is different, and the equitable jurisdiction of the court attaches, and its interposition will be granted. *Bank* v. *Wilber*, 4 Johns. Ch. 405. The conclusion, therefore, is, that the exceptions must prevail.

*Answer insufficient.*