FERSON and another vs. DREW.

Under the code (whatever may have been the case under the former practice), mistakes in computation made by arbitrators may be set up by the defendant in an action on the award; and he cannot, therefore, maintain a separate action to restrain the prosecution of such action against him on the award, on the ground of such mistakes.

Under the code, as prior to it, on a demurrer to the answer, if the complaint fails to state a cause of action, or shows that the court has no jurisdiction to render the relief sought, judgment should be rendered for the defendant.

But where the court in such a case overruled the demurrer, and ordered that judgment be entered for the defendant unless the plaintiffs, within twenty days, amended their complaint: *Held*, that although the order was technically incor-

rect, it would not be reversed on appeal of the plaintiffs, as they were not injured by it.

APPEAL from the Circuit Court for *Winnebago* County.

*Ferson* and *Drew,* having been copartners in the lumbering business, entered into a contract to settle the business of the copartnership in a certain manner, and in case they could not. agree upon any matters connected with such settlement, to submit them to the arbitration of one Hancock. *Smith* guarantied in writing the performance of said contract on the part of *Ferson.* This action was brought by *Ferson* and *Smith,* to vacate the award made by said arbitrator, and to restrain the further prosecution of an action previously commenced by *Drew* against *Ferson* upon the award. The nature of the facts alleged as the ground of this relief will sufficiently appear from the opinion. The defendant answered denying most of the material allegations of the complaint, and "for a further and second defense, by way of counter-claim," set up certain facts in relation to the copartnership between himself and *Ferson,* alleging that it had expired by its own limitation, but that its affairs had never been settled, and that there was a large balance due him; and prayed for an accounting, &c. The plaintiffs demurred to this part of the answer as not constituting a defense or counter-claim. The court overruled the demurrer, and directed judgment to be entered for the defendant, unless the plaintiffs, within twenty days, should amend their complaint, &c. From this order plaintiffs appealed.

*M. A. Edmonds,* for appellants, argued that the demurrer to the answer was well taken, the answer not setting up any counter-claim even against *Ferson,* and certainly not against *Smith.* 2. The complaint is sufficient. The defendant insists that the same relief might have been obtained by answer in the action on the award. It is a sufficient answer that the parties are not the same. The plea of a former action pending for the same cause always contained an averment that the

parties were the same in both actions. 2 Chitty's Pl., 19; 20 How. Pr. R., 196, 197. Whether this court is prepared to adopt the doctrine of many of the New York cases, that because a defendant *may* interpose an equitable defense to a legal action, he *must* do so, has not yet been authoritatively announced. In several cases, however, this court has sanctioned the institution of a cross-suit and an injunction, even where the parties were the same. *Plato v. Roe*, 14 Wis., 453; *Follett v. Heath*, 15 id., 601. In New York the cases on this point are far from uniform. See 17 How. Pr. R., 464, 466, and 33 Barb., 11. But where the parties are not the same in both actions, the pendency of the former action is no bar to the second. 33 Barb., 9, 11; 16 id., 536; 2 How. Pr. R., 193, 197. Again, the objection to the complaint was waived by answering over. R. S. ch. 125, secs. 5, 6, 8 and 9. When any of the objections to the complaint enumerated in section 5, except the first and sixth, appear on the face of the complaint, they are waived by answer. *Hacket v. Bonnell*, 16 Wis., 471; *Zabriskie v. Smith*, 3 Kern., 336; *Gassett v. Crocker*, 10 Abb., 133; *Dennison v. Dennison*, 9 How. Pr. R., 247; *Ingraham v. Baldwin*, 12 Barb., 18, 19. It follows that upon demurrer to the answer, the defendant can only raise those objections to the complaint which have not been waived by answering. 8 How. Pr. R., 261–2. This accords with the rule before the code. 1 Chitty on Pl., 668–9; Stephen on Pl. (2d ed.), 177; 2 Vent., 222.

*C. Coolbaugh*, for respondent, argued that sec. 9, ch. 125, R. S., applies only to cases where the parties go to trial on the issues of fact, and not, as in this case, on an issue of law. 2. The complaint is defective because it shows on its face that another action was pending embracing the same subject matter, and that *Ferson* should have set up the facts alleged in this complaint as a defense to that action. *Foote v. Sprague*, 12 How. Pr. R., 355; *Arndt v. Williams*, 16 id., 244; *Dederich v. Hoysradt*, 4 id., 350; *Hunt v. Farmers' L. & T. Co.*, 8 id., 416;

5 Duer, 612. 3. There is also a misjoinder of causes of action, and of parties plaintiff. The maker and guarantor of a note cannot be joined in the same action. *Stewart v. Glenn*, 5 Wis., 14; *Miller v. Gaston*, 2 Hill, 188; *Prosser v. Lequeer*, 4 id., 420. Can the maker of an instrument and the guarantor of the performance of its conditions join in an action to restrain its enforcement after a breach?

*By the Court*, COLE, J.   This action was brought to vacate and set aside an award, upon the ground that gross mistakes had been committed by the arbitrator in making certain computations and in footing up the items of an account submitted to him.   It is alleged in the complaint that an action has been commenced to recover the amount of the award; and a part of the relief asked is that such action be enjoined.   An answer was filed, which was demurred to on several grounds. The court overruled the demurrer, and ordered that judgment be given for the defendant unless the plaintiffs, within twenty days, amended their complaint.

It was conceded here on the argument, that on the demurrer to the answer the defendant might attack the complaint upon the ground that the court had no jurisdiction, or if the complaint was defective in matters of substance.   Under the old system, in actions at common law, the rule was elementary, that on demurrer the court would consider the whole record, and give judgment against the party whose pleading was first defective.   The same rule must undoubtedly obtain under the present practice, when it appears from the complaint that the court has no jurisdiction, or when it fails to state facts sufficient to constitute a cause of action.   *Lawton v. Howe*, 14 Wis., 242.   See also *Schwab v. Furniss*, 4 Sandf. (S. C.), 704; 1 Van Santv. Pl., p. 652, and cases cited.   In such a case, the defendant may attack the complaint on a demurrer to the answer, and have judgment if it appears that he is entitled to it.   We have then to inquire into the sufficiency of the

complaint, and whether the plaintiffs could not have fully availed themselves of the errors and mistakes made by the arbitrator in the defense to the action at law upon the award. For if they can show in their defense to that action all the alleged errors and mistakes committed by the arbitrator in making his computations and footings, it would seem to afford a most satisfactory reason for holding that they should do so, and not resort to a suit in equity for the purpose of correcting them. Mr. Justice STORY lays down the doctrine, that the jurisdiction of courts of equity was originally exerted and still may be exerted in matters of awards, in cases of fraud, mistake or accident, upon the same principles and for the same reasons which authorize their interference in other matters, and where there was no adequate remedy at law. 2 Story's Eq. Jur., chap. 11. A defendant could avail himself of certain matters of defense in an action on the award, such as a material error or defect apparent on the face of the award, as an excess of power by the arbitrators; defect of execution of power, as by omitting to consider a matter submitted to them ; want of certainty; or a plain mistake of law. In regard to corruption or other misconduct or mistake of the arbitrators in making their award, the common law seems not to have permitted them to be shown in bar of an action at law for non-performance of the award, but the remedy must be pursued in equity. 2 Greenl. Ev., § 78, and cases cited in the notes; Watson on Arb. and Award, pp. 278, 387–8, marg. In this country, in states where the jurisdiction in equity is not general and did not afford complete relief in such cases, it has been held that when there was corruption in the arbitrators, or when they exceeded their authority, or there were gross errors and mistakes in the award, the defendant was permitted to plead these matters in an action on the award. *Bean v. Farnam et al.*, 6 Pick., 269 ; *Boston Water Power Co. v. Gray*, 6 Met., 131 ; *Parsons v. Hall, Ex'r*, 3 Greenl., 60. In other states it has been held that proof of a mistake of arbitrators

was inadmissible at law, and that if relief could be afforded at all it could only be by a court of equity.    *Roosevelt v. Thurman*, 1 Johns. Ch., 220; *Cranston v. Kenny's Executors*, 9 Johns., 212.    Whatever rule might have been formerly adopted in this state, under our present system of jurisprudence, which permits the defendant to set forth by answer as many defenses or counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, there can be no doubt that errors and mistakes in computation may be shown in defense in an action on the award.    If it is competent for the defendants in the action at law to set forth and show that the arbitrator made gross mistakes in his computations, and assumed a particular state of account to be true, which was not true, what necessity is there for going into a court of equity for relief?    All that ground of defense is open to them in the original action, and they are at full liberty to establish the facts which impeach or invalidate the award.    If there has been any error of fact, such as a mistake in the computation or in the casting up of the items of account, the defendants can avail themselves of that defense and obtain complete justice in the action at law.    For these reasons this action ought not to be maintained.    And the court should have sustained the demurrer as a demurrer to the complaint, and ordered that the suit be dismissed.    But instead of doing this, the demurrer was overruled, with a further order that judgment be for the defendant unless the plaintiffs should amend their complaint within twenty days.    The form of this order may be technically incorrect, but as the plaintiffs could not be prejudiced by it, since the complaint was defective in matters of substance, it is affirmed.