## ·· N. Y. SUPERIOR COURT.

JOHN GARVEY, plaintiff·agt. JOHN G. CAREY, defendant.

In an action upon an award of arbitrators, an *answer* which seeks to avoid the award on two grounds, to wit: 1st. Misconduct on the part of the arbitrators, and 2d. Mistake in ascertaining the amount due from the defendant to the pleintiff, is sufficient as a defense, on demurrer.

*Special Term, January*, 1868.

DEMURRER to answer.

The action is upon an award of arbitrators. The submission was "to settle all accounts and differences between said "Garvey, growing out of and relating to five certain build-"ings erected on the southwest corner of Fiftieth street and "Sixth avenue, in the city of New York. Said settlement "to be governed and founded on a certain agreement made "and entered into by and between said Carey and Garvey, "bearing date the 23d day of January. 1867."

Upon such submission, the arbitrators made an award "that John Garvey is entitled to receive from John G. Carey the sum of five thousand one hundred and twenty-five 60-100 dollars, as his share of the profits derived from said buildings; *cash advanced by Carey to Garvey to be refunded by said Garvey.*"

To the complaint the defendant answered:

*First.* That the arbitrators, after first notifying the parties to appear before them, and after having partly heard the allegations of the defendant, proceeded irregularly and illegally, without notice to the defendant, and without fixing

any day for the hearing of the matters submitted, and made their award before the case was finally submitted to them, and before the defendant had concluded his proofs and allegations before them.

*Second.* That the arbitrators, in computing the amount of profits to which each party would be entitled under the agreement, made a mistake in such computation, which mistake was a clerical error, and that the award was the result of such clerical error.

The demurrer was to the sufficiency of the answer as a defense.

G. C. GENET, *for plaintiff.*
NELSON SMITH, *for defendant.*

MONELL, J. The answer in this case is, I think, sufficient both in substance and form. The defendant seeks to avoid the award on two grounds, namely, misconduct on the part of the arbitrators, and mistake in ascertaining the amount due from the defendant to the plaintiff.

Such grounds were always sufficient to vacate and annul an award. (*Herrick* agt. *Blair,* 1 *Johns. Ch. R.* 101; *Van Cortlandt* agt. *Underhill,* 1 *Johns. Ch. R.* 405; *Bouck* agt. *Wilber,* 4 *Johns. Ch. R.* 405; *Knox* agt. *Symmonds,* 4 *Ves. Jr.* 369; *Comeforth* agt. *Geer,* 2 *Vern. R.* 705), and may now be set up as a defense to an action upon the award (*Dobson* agt. *Pearce,* 12 *N. Y. R.* 156; *N. Y. Cen. Ins. Co.* agt. *Nat. Pro. Ins. Co.* 14 *N. Y. R.* 85.)

The misconduct complained of was in proceeding without notice to the defendant, and without fixing any day for the hearing of the matters submitted, and in making the award before the case was finally submitted to the arbitrators, and before the defendant had concluded his proofs.

If the defendant shall be able to sustain these charges of misconduct by proof, I think he will make out a strong case against the validity of the award, and be entitled to have it

set aside. The charges of misbehavior are stronger than in any of the cases to which I have referred.

The second defense demurred to, of mistake in the computation made by the arbitrators, is a little indefinitely stated. It does not appear what the nature of the mistake was, except that it is alleged it was a clerical error. I think, however, it is sufficient in form, and proof may be given under it of such a mistake as the court will recognize as sufficient to vacate the award.

The disposition I have made of the demurrer renders it unnecessary for me to determine whether the complaint states a cause of action.

The defendant must have judgment on the demurrer, with costs.