JOHN HALSTEAD, Appellant, *v.* ROBERT SEAMAN, Respondent.

The refusal of an arbitrator to hear testimony, which is pertinent and material, is sufficient misconduct to authorize the setting aside of his award, although he may think he has sufficient other evidence.

The construction by arbitrators of the submission to them is not conclusive; it is for the court to determine whether they have exceeded their powers or refused to exercise them.

The general rule that their decisions are not reviewable on the mere ground that they are erroneous applies only to their decisions on matters submitted to them.

A submission by the parties hereto to arbitrators in the usual form contained this clause: "The arbitration shall be conducted and decided upon the principle of fair and honorable dealing between man and man." *Held*, that this did not justify a decision of the arbitrators that the submission limited them to passing upon the statements of the parties only.

The statements presented by the parties were conflicting; plaintiff insisted upon calling witnesses in his behalf to disprove defendant's statements, and named two witnesses whom he offered to produce. A majority of the arbitrators refused him permission and refused to receive any evidence other than the statements, basing their refusal upon the ground that under the submission their powers were limited to the statements. *Held*, that it was not necessary for plaintiff, in order to preserve his rights, to produce or name his witnesses, or to state what facts he intended to prove by them; and that the refusal was misconduct which vitiated the award.

(Argued June 10, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to set aside an award and to recover a balance alleged to be due plaintiff from defendant, for sums realized by the latter from property mortgaged to the parties for loans made by them to one Von Eisenberg.

The parties submitted the controversy to arbitrators; the submission was in the following words:

" *Whereas,* differences exist and have existed for some time between John Halstead and Robert Seaman, both of New York city, in the ' Von Eisenberg' matter.

" Now, therefore, we, the undersigned, John Halstead and Robert Seaman, do hereby mutually agree and covenant to, and with each other to submit said Von Eisenberg matter and every thing connected therewith to Messrs. Rufus Park, George W. Elder and John N. Billings, as arbitrators, who shall arbitrate, award, judge and determine of and concerning the same, and we do mutually covenant and agree to and with each other that the award to be made by said arbitrators shall in all things by us and each of us, and by the executors and administrators and assigns of us and each of us, be well and faithfully kept, observed and performed.

" It is further agreed that there shall be three arbitrators, and the decision of any two of them shall be the decision and award of the arbitration.

" The arbitration shall be conducted and decided upon the principle of fair and honorable dealing between man and man; and it is further understood and agreed that any payment of any moneys between the parties that may have been exchanged or paid as loans from the proceeds of the sale of this (Von Eisenberg) property shall not be taken in consideration by the arbitrators, or in any way considered so as to be to the prejudice of either party in the final adjustment of this matter, but shall be considered as remaining in bank subject to the decision of this arbitration.

" ROBERT SEAMAN, [L. S.]
" JOHN HALSTEAD, [L. S.] "

The findings appear in the opinion.

Opinion of the Court, per RAPALLO, J.

*Henry J. Scudder* for appellant. Material evidence having been willfully excluded by the arbitrators, the award cannot be upheld. ( *Van Cortlandt* v. *Underhill*, 17 Johns. 405; *Fudickar* v. *Guardian Mutual Life*, 62 N. Y. 405; Morse on Arbitrations, 141, *et seq.*; *Knowlton* v. *Mickles*, 29 Barb. 470; *Morewood* v. *Jewett*, 2 Robt. 498.) The arbitrators erred in refusing to allow plaintiff to call witnesses in his behalf to disprove the defendant's statements. (*Phipps* v. *Ingram*, 3 Dowl. P. C. 669; *Anderson* v. *Darcy*, 18 Ver. 447; *Braddich* v. *Thompson*, 8 East, 344; Russell on Arb. [4th ed.] 175; *Pepper* v. *Gorham*, 4 Moore, 148; *Johnson* v. *Cheape*, 5 Dow. 247; *Schenck* v. *Cuttrell*, 1 Green's Ch. at p. 303.) Misbehavior of the arbitrators is sufficient ground for setting aside an award. (2 Rev. Stat. [3d ed.] 629.) The plaintiff was not bound by any statutory limitation. (*Burnside* v. *Whitney*, 21 N. Y. 148; *Fudickar* v. *Guardian Ins. Co.*, 62 N. Y. 392.)

*S. P. Nash* for respondent. An award is not vitiated by errors of fact or of law on the part of arbitrators, if they act within the submission and are free from corruption or misconduct. They may disregard strict rules of law and evidence, and decide according to their sense of equity, and every fair intendment is to be made in support of their award. (*Fudickar* v. *Guardian Ins. Co.*, 62 N. Y. 392; *Filley* v. *Locke*, 14 Hun, 139.) A refusal to hear evidence is not itself ground for setting aside the award. ( *Van Cortlandt* v. *Underhill*, 17 Johns. 405; *Fudickar* v. *Guard. Ins. Co.*, 62 N. Y. 392, 405.)

RAPALLO, J. The findings of the judge before whom this action was tried at Special Term state "that, on the hearing before the arbitrators, the plaintiff and defendant, respectively, presented written statements and were fully heard in respect to the matters set up in such statements, and that thereafter the plaintiff offered to produce as witnesses Sheldon and Brown, but did not show what testimony they could give nor in what respect it was material, and did not produce the witnesses named, and that the arbitrators did not receive the testi-

mony of Sheldon and Brown. But on the settlement of the case, the judge further found, on the plaintiff's request, that two of the arbitrators construed the submission as limiting their powers to the act of passing upon the statements of the parties only, and so ruled and decided. That at the first meeting the parties, respectively, submitted statements, and these being contradictory of each other, the plaintiff insisted on calling witnesses in his behalf to disprove the defendant's statements. That the arbitrators refused to allow the plaintiff to produce the witnesses named by him, and refused to receive any evidence other than the statements of the parties. That the plaintiff, on the second and third meetings of the arbitrators, asked permission to introduce testimony to dispose of or clear up the contradictions in the statements, but the arbitrators refused him such permission. That one of the arbitrators insisted to the others upon the examination of witnesses, in order that the statements made by the parties might be explained, reconciled or better understood, but the other arbitrators refused to do so or to hear any thing but the statements of the parties.

, The majority of the arbitrators, having absolutely refused to hear any testimony whatever, or to allow the plaintiff to produce any witnesses, and having placed their refusal upon the ground that under the submission their powers were limited to hearing the statements of the parties, we think that it was not necessary for the plaintiff in order to preserve his rights, to actually produce, or to name his witnesses, or to state what facts he intended to prove by them. He did state that he proposed to disprove by witnesses the defendant's written statement, and was not called upon for any further specification, but was met by an absolute refusal to hear any evidence, and a decision that under the submission the arbitrators had no power to hear any, other than the statements of the parties.

Unless the arbitrators were right in their construction of the submission, the refusal to receive evidence was misconduct which vitiates their award. The refusal of an arbitrator to examine witnesses is sufficient misconduct on his part to induce

the court to set aside his award, though he may think he has sufficient evidence without them. (*Phipps* v. *Ingram*, 3 Dowling, 669.) In *Van Courtland* v. *Underhill* (17 Johns. 405) it was held that if the arbitrators refuse to hear evidence pertinent and material to the controversy, it is such misconduct as will vitiate the award. And in *Fudikar* v. *The Guardian Mutual Ins. Co.* (62 N. Y. 392) it is said by ANDREWS, J., that if an arbitrator refuses to hear competent evidence on the merits, his award will be set aside. If the arbitrators in the present case had called upon the plaintiff to state what he proposed to prove, or had refused to receive the evidence on the ground that he did not show its materiality, then it would be necessary for him, in order to successfully impeach the action of the arbitrators, to show that he made it apparent to them that the evidence he offered to introduce was competent and material. But in view of the ground taken by the arbitrators on the subject, we do not think that this formality was necessary, and that the allegation that the evidence was offered to contradict the defendant's statement was quite sufficient. If their construction of the stipulation was correct, it mattered not how material the testimony was ; the arbitrators had no power to receive it, and no statement that he might have made upon the subject could have varied the result. They absolutely denied his right to produce witnesses for any purpose. Under such circumstances, it would be unjust to deprive him of this right on the ground that he had failed to state the particulars of the offered proof.

The case must turn upon the correctness of the arbitrators' construction of the submission. On this point, the decision of the arbitrators is not conclusive. No such question was submitted to them. It is for the court to judge whether arbitrators have exceeded their powers, or refused to exercise them. The general rule that their decisions are not reviewable on the mere ground that they are erroneous, is applicable only to their decisions on matters submitted to them. The submission is the foundation of their jurisdiction, and they are not the exclusive judges of their own powers.

The submission in this case is in the usual form, and the only clause relied upon in support of the construction put upon it by the arbitrators reads as follows: "The arbitration shall be conducted and decided upon the principle of fair and honorable dealing between man and man."

There is nothing in this which justified the decision of the arbitrators that the submission limited their powers to the act of passing upon the statement of the parties only. This is too clear for discussion.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur, except MILLER, J., absent at argument.

Judgment reversed.