## CANFIELD VS. THE WATERTOWN FIRE INSURANCE COMPANY.

### September 6 — September 19, 1882.

INSURANCE AGAINST FIRE: AWARD: PLEADING: EVIDENCE: INSUR-
ABLE INTEREST. *(1, 2) When award, provided for in policy, must
precede suit. (3, 4) Invalidity of award, when may be pleaded
and proven. (5) Offers of proof, how expressed. (6, 7) Matters
invalidating award. (8) Evidence of insurable interest.*

1. An agreement, in a policy of insurance against fire, to ascertain the amount of a loss by arbitration, does not, in the absence of a stipulation to that effect, make an award a condition precedent to the right of the insured to maintain an action on the policy.

[2. Whether the rule would be different if the policy provided that an award should precede the right to sue upon the policy, not determined.]

3. Under the code, the defendant in an action upon an award may set up as a defense any matter which shows the award to be invalid, whether such matter appears upon the face of the award or not. *Ferson v. Drew,* 19 Wis., 225.

4. In an action upon a policy of insurance, where the answer alleges an award fixing the amount of the loss and payment thereof to the plaintiff, it is competent for the latter, upon the trial, to prove any facts the existence of which would invalidate the award.

5. Offers of proof made on the trial, and especially when made after the court has, in effect, ruled out the evidence offered, and when no objection is made because the offers lack explicitness, need not be expressed with the precision and accuracy required in pleading.

6. While it may be competent for parties so to frame a submission that the arbitrators may decide the controversy upon their own judgment and observation without resort to evidence *aliunde,* yet as a general rule the exclusion of proper testimony is fatal to an award, whether the arbitration be statutory or at common law. It is immaterial whether such testimony is excluded by the refusal of the arbitrators to hear it or through the fraud of the opposite party.

7. A failure to pass upon all of the matters submitted to arbitration renders the award void.

8. In an action upon a policy of insurance, while the plaintiff must, if it be denied, establish an insurable interest in the property, yet the fact that the policy describes the property as that of the insured is *prima facie* sufficient, and casts the burden upon the defendant of showing that in fact the insured had no interest.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover for a loss by fire of property covered by a policy of insurance thereon, issued by the defendant company. Such insured property consisted of the plaintiff's "room furniture, fixtures, show-case, piano, photographic apparatus, including cameras, pictures, mirrors and their frames, and negatives." The complaint contains a general statement of the policy and loss, and an allegation of due performance by the plaintiff of all conditions therein to be performed by him. The defendant in its answer set out the following condition in the policy: "If differences of opinion should arise between the parties hereto as to the amount of loss or damage, the subject shall be referred to two disinterested and competent men, each party to select one (and in case of disagreement they to select a third), who shall ascertain, estimate, and appraise the loss or damage, and their award in writing shall be binding on the parties hereto, each party paying one-half the expense of reference." The answer alleges as a defense to the action a submission in writing, pursuant to the above condition, entered into by the parties, an award or appraisement of the plaintiff's loss by the arbitrators therein named, and payment of the amount thereof to the plaintiff.

On the trial the defendant proved the submission, the award and payment of the amount thereof to the plaintiff, but the undisputed evidence shows that the plaintiff expressly refused to receive the money in full satisfaction of his claim, and only received it as a part payment of his loss. For the purpose of showing that such award was invalid the plaintiff offered testimony to prove (among other things): "That the appraisal and award were procured by misrepresentation and fraud on the part of the insurance companies, in that through their representatives they refused to permit the plaintiff to make any statement or offer any testimony to the arbitrators upon the subject, and insisted that he was not entitled to re-

Canfield vs. The Watertown Fire Ins. Co.

cover for unregistered negatives which were covered by the policy, and that the plaintiff was also informed that he must leave the room in which the arbitrators were at work, and was given no opportunity to go before them; that the appraisal and award was made by the arbitrators at the sum named through mistakes of facts and law upon their part as to whether the policy covered the unregistered negatives." This testimony was excluded by the circuit judge, and a verdict was returned for the defendant pursuant to the direction of the judge. A motion for a new trial was denied, and judgment for the defendant entered pursuant to the verdict. The plaintiff appealed from the judgment.

For the appellant there was a brief by *Davis, Riess & Shepard*, and oral argument by *Mr. Riess* and *Mr. Shepard:*

1. The arbitration clause did not constitute a condition precedent to a right of recovery on the policy. It was a mere matter of defense to be pleaded as such. *Phœnix Ins. Co. v. Badger*, 53 Wis., 283; Wood on Fire Ins., § 430; *Dyer v. P. F. & M. Ins. Co.*, 53 Me., 118. Although such a stipulation has been held not to be good even in bar, but only as giving an action for its breach. *Livingston v. Ralli*, 5 El. & B., 132; *Mentz v. Armenia Ins. Co.*, 79 Pa. St., 478.

2. The award is impeachable by evidence on the trial to rebut it as a defense, without prior and direct attack in the pleadings. Facts which must be pleaded in a complaint or answer, when they logically are a part of the ground of action or defense, need not be pleaded when they are provable by way of rebuttal to a defense. *Waddle v. Morrill*, 26 Wis., 611; *Gans v. St. P. F. & M. Ins. Co.*, 43 id., 108; *Warder v. Baldwin*, 51 id., 450; R. S., sec. 2667. An award *in pais* can be impeached for fraud without a resort to equity. 2 Parsons on Con., 688; *Speer v. Bidwell*, 44 Pa. St., 23; *Ferson v. Drew*, 19 Wis., 225; *Bean v. Farnam*, 6 Pick., 269; *Mickles v. Thayer*, 14 Allen, 114.

For the respondent there was a brief by *Cottrill, Han-*

*son & Brown*, and oral argument by *Mr. Cottrill.* They contended, *inter alia:* 1. The insurable interest of the plaintiff was in issue and no proof of such interest was given. *Fowler v. Ins. Co.*, 26 N. Y., 422. 2. The policy provided for an arbitration which was had, and the amount awarded was paid and is credited in the complaint. It was competent for the parties to agree in advance for the arbitration. *Hudson v. McCartney*, 33 Wis., 331. And the award, if sought to be avoided, must be directly attacked. *Fox v. The Railroad*, 3 Wall. Jr., 243; *President, etc. v. Penn. Coal Co.*, 50 N. Y., 250; *Pappa v. Rose*, 1 Eng., 87; *Herrick v. V. C. R. R. Co.*, 27 Vt., 673; *Baasen v. Baehr*, 7 Wis., 516; *Braunstein v. Ins. Co.*, 101 Eng. C. L., 782; *Fidler v. Cooper*, 19 Wend., 285; *DeLong v. Stanton*, 9 Johns., 38; *Wheeler v. Van Houten*, 12 id., 311; 2 Greenl. on Ev., sec. 78; *Barlow v. Todd*, 3 Johns., 367; *Newland v. Douglass*, 2 id., 62; *Cranston v. Executors, etc.*, 9 id., 212; *Van Cortlandt v. Underhill*, 17 id., 405. This case differs from that of *Badger v. Phœnix Ins. Co.*, 53 Wis., 283. Here a difference arose, there was a written request for arbitration and the arbitration was had, and consequently the clause of the policy was called into life as a condition precedent to any action. Such being the facts the plaintiff is barred by the award, until set aside by a proper proceeding in equity, from any action on the policy. *Gauche v. Ins. Co.*, Ins. Law Journal, May, 1882.

LYON, J. I. The learned counsel for the defendant maintained in his argument that the stipulation to arbitrate contained in the policy operates to make an award under it a condition precedent to the right of the plaintiff to maintain an action for his loss in a case in which, as in this case, there is a dispute as to the amount of the loss, and the insurer has duly demanded a submission of the question of difference to arbitrators. If this is so, it would seem that the plaintiff

must allege and prove a valid award in order to maintain his action; in which case, of course, the sum awarded would be the measure of his recovery. If the award actually made in this case is valid, the defendant has paid the plaintiff the sum awarded, which would be a full payment of his loss, and this action cannot be maintained. If the award is invalid, the plaintiff must (if the position of counsel is correct), procure a valid award, and thus determine the amount of his loss before he can maintain an action on his policy. Hence, whether the award already made is valid or invalid, the plaintiff was not entitled to recover, and the court properly directed a verdict for the defendant.

There is no stipulation in the policy that an award shall precede the right to sue upon the policy. In the absence of such stipulation the law is well settled that an agreement to ascertain the amount of a loss by arbitration is not a condition precedent, a waiver or performance of which, or an offer to perform, must be shown by the plaintiff. Wood on Ins., 757, § 431, and case cited in notes. Whether the rule would be different if the policy provided that the award should precede the right to sue upon the policy is not here determined. The cases seem to be in hopeless conflict on the question. There is some discussion of it and references to some of the cases in the opinion of Mr. Justice Orton in *Phœnix Ins. Co. v. Badger*, 53 Wis., 283, but the question is not there decided, the judgment going upon grounds which rendered the question immaterial. It must be held that, under the stipulation to arbitrate contained in the policy in suit, an award is not a condition precedent to the plaintiff's right to maintain an action on such policy.

II. The next question is, can the plaintiff show in this action that the award is invalid, or must he resort to an equitable action to set it aside? The general rule of the common law is that, in an action at law upon an award, it cannot be impeached by pleading as a defense matters not appearing upon

the face of the award, although such matters may constitute a good cause for a bill in equity to set the award aside. Morse on Arb. & Award, 595; *Ferson v. Drew*, 19 Wis., 225.

It was settled in *Ferson v. Drew* that the code has changed the rule by permitting a defendant to interpose by answer all the defenses or counterclaims he has, whether legal or equitable, or both, so that now in an action at law on an award, the defendant may set up any matter which shows the award invalid, whether such matter appears upon its face or not. *Ferson v. Drew* was a suit in equity to restrain the prosecution of an action on an award previously commenced, and to vacate the award on the ground that the arbitrator had committed gross mistakes in certain computations, etc. It was held that the grounds of action were available to the plaintiffs as a defense in the action at law on the award, and hence that a demurrer to the answer in the equity action was properly sustained as a demurrer to the complaint therein. The principle upon which the case was decided is sufficiently comprehensive to admit any ground of defense which goes to the validity of the award. The only distinction between that case and this is that in *Ferson v. Drew*, or rather in *Drew v. Ferson* (which was the action on the award), the plaintiff pleaded the award, and the defendant was allowed to impeach its validity by answer; while here the defendant sets up the award in his answer as a defense; and the statute interposes a denial of its validity by the plaintiff, without his spreading an express denial thereof upon the record. R. S., 728, secs. 2666–7. The two cases are alike in principle, and the present case is ruled by *Ferson v. Drew;* hence it was competent for the plaintiff to prove in this action any facts, the existence of which would invalidate the award pleaded and relied upon by the defendant.

III. We are now to determine whether the facts which the plaintiff offered, but was not allowed, to prove, would, if proved, invalidate the award. The offers are not very

clearly or very fully expressed, but due allowance must be made for the fact that they were necessarily framed in the haste incident to the trial. It would be unreasonable to require that they should be expressed with the precision and accuracy required in pleadings; and such a requirement would be especially unreasonable in this case, in view of the fact that the offers were made after the court had in effect ruled out all evidence impeaching the validity of the award, and no objection was taken to the admission of the offered evidence because the offers lacked precision or explicitness. We think the plaintiff substantially offered to prove that he was deprived of the right to introduce any evidence to the arbitrators (whether through the act of the defendant or the arbitrators seems immaterial), and that the arbitrators excluded the damages to unregistered negatives from their appraisal and award.

1. As to the exclusion of evidence. Whether the submission and award are ruled by the statute (R. S., 892, ch. 153), or whether they constituted merely a common law arbitration, we are of the opinion that the plaintiff was entitled to introduce evidence to the arbitrators of the amount of his loss. If the proceeding was ruled by the statute (as counsel for defendant maintained in his argument), the exclusion of evidence violated a plain provision of section 3549, which is that "all of the arbitrators *must* meet together and hear all the proofs and allegations of the parties." If this was merely a common law arbitration, the right of the plaintiff to introduce evidence pertinent and material to the issue is equally clear. Morse on Arb. & Award, 142 *et seq.*, and cases cited. Whether it be a statutory or common law arbitration, the exclusion of proper testimony is fatal to the award.

In *Van Courtlandt v. Underhill*, 17 Johns., 405, decided by the court for the correction of errors, Chief Justice SPENCER said: "If the arbitrators refuse to hear evidence

pertinent and material to the matter in controversy, it is un-questionably such misconduct as will vitiate an award in a court of chancery." Page 408. We have already held that the aggrieved party may also be heard to assert the invalid-ity of the award for such cause in a court of law. The same result would necessarily follow the exclusion of such evidence through the fraud of the opposite party. We do not intend to say that 'it is not competent for parties to an arbitration so to frame the submission that the arbitrators may decide the controversy upon their own judgment and observation, without resort to evidence *aliunde*, but here we have no such submission.

2. As to the alleged failure of the arbitrators to include in their award the damages to unregistered negatives, it is only necessary to say that such negatives were included in the policy and submission, and it does not conclusively appear from the award that the damages thereto were in-cluded therein. The award is that the loss amounted to a certain aggregate sum " on negatives, roller, and furniture, and other property." While, perhaps, in the absence of proof, it might fairly be presumed that all of the negatives were included, yet the presumption is not conclusive, and the plaintiff should be allowed to show that in fact all were not included. The rule undoubtedly is that the failure to pass upon all of the matters submitted is fatal to the whole award, rendering it void. Morse, 345, and csaes cited in note 1. The evidence offered to prove the foregoing propo-sitions of fact should have been received. Its rejection was error.

IV. A single additional point remains to be considered. The complaint alleges that when the policy was issued the plaint-iff was the owner of the insured property, and continued the owner thereof until it was burned. To this the defendant answered that he had no knowledge or information thereof sufficient to form a belief, but admitted the issuing of the

policy which described the property as that of the plaintiff. No proof of title to the insured property was made or offered by the plaintiff. Counsel for defendant claims that this omission is fatal to the plaintiff's right of recovery, and that the direction to the jury to find for the defendant should be upheld on that ground. The position is not well taken. The true rule is thus stated by Mr. Wood, and is well fortified with authority: "While, if denied, the plaintiff must establish an insurable interest in the property, yet the fact that the policy describes the property as that of the insured, is *prima facie* sufficient, and casts the burden upon the company of showing that *in fact* he had no interest." Wood on Ins., 500, § 270.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.