In the Matter of Arbitration of MICHAEL BENNETT, Respondent, *v.* THE UNION ELEVATED RAILROAD COMPANY, Appellant.

*Supreme Court, Second Department, General Term, February 10, 1890.*

1. *Arbitration. Appeal.*—A provision in an arbitration agreement as to the amount of damages sustained from the construction of a railroad, to the effect that judgment should not be entered until ten days after the cars should be run upon the road, does not prevent the landowner from an earlier application for confirmation of the award, with a view to the entry of an immediate judgment so as to expedite a proposed appeal by the company.

2. *Same. Evidence.*—Where the submission empowers the arbitrators, by a majority vote, to exercise their discretion as to the manner and way in which to inform themselves of the matters and things in dispute, the discussion by them of evidence taken in a proceeding by another owner is not a violation of the arbitration agreement.

Appeal from judgment in favor of Michael Bennett, entered upon the award of arbitrators.

*George W. Wingate,* for appellant.

*J. J. Leary,* for respondent.

BARNARD, P. J.—The Union Elevated R. R. Co. constructed its road along Fifth Avenue in Brooklyn in front of Michael Bennett's property. The company and Bennet agreed in writing to arbitrate the question of the damages resulting to Bennett's property thereby.

By the agreement the arbitrators were to determine the method of trial, and were at liberty to refuse to hear witnesses, though they might do so. The judgment was not to be entered of record until the expiration of ten days after

the cars should be run upon the road, and upon failure to pay the award by the company.

There was a provision that if either party wished to appeal, such appeal must be taken within ten days after the judgment was rendered. The company desired an appeal, and the landowner applied on the ninth day after the award was made for its confirmation with a view of the entry of an immediate judgment, so as to expedite this appeal.

This did not violate either the spirit or letter of the arbitration agreement. The intent of the parties was to await the entry of judgment until ten days after the cars ran. It was a term of credit to the company and not a means of postponing the entry of judgment when it was to be the basis of an appeal. When the award was confirmed the cars had been running for a considerable period.

The arbitrators voted to receive no testimony. After the submission, it is claimed that evidence was received on the part of Bennett. The proof fails to substantiate this. The arbitrators differed as to the question submitted, and one of the arbitrators had questions and answers in another case of damages to abutting owners, and he read these in support of his views.

Neither Bennett, the railroad company, or their counsel was cognizant of this fact. The discussion of the evidence in another case was not a violation of the arbitration agreement, which contains this clause:

"*Second.* That the arbitrators by a majority vote may exercise their discretion as to the manner and way in which to inform themselves of the matters and things in dispute. They may refuse to hear witnesses and counsel and proceed to a final determination in whatever manner they may by a majority vote decide."

It was not against the meaning or intent of this clause that one of the arbitrators urged in support of his views information acquired by the answers and opinion of other persons in a legal trial. There was no reception of the minutes as

evidence. The arbitrators could inform themselves upon the question before them by reading and even conversation with persons well informed or who were supposed to be so.

The case of Halstead v. Seaman, 82 N. Y. 27, does not bear on the question. In that case there was no clause authorizing the arbitrators to reject evidence, and it was held that they could not refuse to hear it if offered.

The orders appealed from should, therefore, be affirmed, with costs.

PRATT and DYKMAN, JJ., concur.