Argued 15 July, decided 15 August, 1905.

**COHN v. WEMME.**

81 Pac. 981.

IMPEACHMENT OF AWARD FOR MISCONDUCT OF ARBITRATORS.

1. A party claiming to be injured in an award through the misconduct of the arbitrators may maintain a suit in equity to set aside the award; but in Oregon the defense of misconduct is not available in a law action on the award, since in this State the distinction between law and equity is still retained.

PLEADING — JOINING LEGAL AND EQUITABLE DEFENSES.

2. Section 74, B. & C. Comp., authorizing a defendant to set forth by answer as many defenses as he may have, does not permit the joinder of legal and equitable defenses.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by MR. JUSTICE MOORE.

This is an action by S. Morton Cohn against E. Henry Wemme to recover the amount of an award. The complaint states that plaintiff is the owner of certain real

property in Portland, which was occupied for a specified time by one Fred T. Merrill for himself and as agent for another, and by the Fred T. Merrill Cycle Company; that actions were instituted by the owner against such occupants to recover the possession of the demanded premises, and the defendant herein became surety on undertakings given in such actions; that on September 12, 1904, Cohn secured possession of his real property, and, a dispute existing as to the sum due him for rent and as to the value of certain material left on the premises by Merrill, they entered into a written contract to submit the controversy to arbitrators for determination, whereupon the defendant herein duly signed the following stipulation:

"Whereas, I, E. H. Wemme, one of the sureties named in the above articles of arbitration, am upon the bonds holding me as one of the sureties for the payment of any rents adjudged to be due S. Morton Cohn from said first party named therein; and

Whereas I will under the agreement herein be absolved from such liability upon such bonds;

I, in consideration thereof, hereby agree and pledge myself to pay said S. Morton Cohn, within three days of the date of the award, and in cash, any amount that may be awarded to said S. Morton Cohn under this agreement of arbitration."

The complaint further states that arbitrators were duly appointed, who found there was due plaintiff on account of such rent, and awarded him, $1,700, no part of which sum has been paid. The answer denies the material averments of the complaint, and for a separate defense alleges that plaintiff, his agents and attorneys, falsely represented to this defendant that he and another person were liable upon undertakings for the payment of the rent due, whereas neither of them were surety therefor; and that, believing such false statements, and relying thereon, the defendant herein signed the agreement set out in the com-

plaint. It is further alleged that the arbitrators so chosen
refused to permit this defendant, or Merrill, or their at-
torney, to be present during the hearing, thus denying
them an opportunity to object to the presentation of im-
proper evidence, much of which, so this defendant is
informed and believes, was introduced, thereby influen-
cing the arbitrators to his damage; that this defendant had
competent witnesses and material evidence that he desired
to produce and submit, but the arbitrators would not per-
mit him to do so, and made the alleged award prior to the
time allowed for the introduction of evidence. A reply
was filed, denying these allegations, and a trial was had
at which the parties introduced their evidence and rested,
whereupon the court, at plaintiff's request, instructed the
jury to find for him on the ground that the new matter in
the answer did not constitute a defense to the action, and
a verdict having been returned for plaintiff in the sum of
$1,700, upon which judgment was rendered, the defendant
appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *George
W. P. Joseph, S. C. Spencer* and *A. C. Emmons*, with an oral
argument by *Mr. Schuyler Colfax Spencer.*

For respondent there was a brief over the name of *Bern-
stein & Cohen*, with an oral argument by *Mr. D. Solis Cohen.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that the denial
of the arbitrators to receive material testimony offered by
the parties renders their determination liable to be vacated;
that such refusal affords a valid defense to an action on the
award, and, this being so, the court erred in directing a
verdict for plaintiff. A text-writer, in discussing the con-
sequence that may result from a denial of arbitrators to
receive competent evidence, says: "There are cases which
would go far to sustain the broad, general rule that, if arbi-

trators refuse to hear testimony which is offered, and is in fact pertinent and material to the controversy, going to prove a point which needs to be proved, and properly admissible, the error may be cause for vacating the award or report": Morse, Arb. & Award, 143. To the same effect, see 3 Cyc. 748; 2 Am. & Eng. Enc. Law (2 ed.), 655; *Redner* v. *New York Fire Ins. Co.*, 92 Minn. 306 (99 N.W. 886); *Halstead* v. *Seaman*, 82 N. Y. 27 (37 Am. Rep. 536); *Van Winkle* v. *Continental Fire Ins. Co.*, 55 W. Va. 286 (47 S. E. 82); *McDonald* v. *Lewis*, 18 Wash. 300 (51 Pac. 387); *Canfield* v. *Watertown Ins. Co.*, 55 Wis. 419 (13 N. W. 252). A party considering himself injured by the misconduct of arbitrators may invoke the maxim that equity will not suffer a wrong without a remedy, and in a suit instituted for that purpose secure a decree setting aside the award: Morse, Arb. & Award, 543.

2. It is argued by defendant's counsel that the statute authorizing a defendant to set forth by answer as many defenses as he may have (B. & C. Comp. § 74) permitted them to plead the facts relied upon as a defense in an action at law based on the award, and in support of this principle cite several cases which uphold that doctrine. Thus, in *Knowlton* v. *Mickles*, 29 Barb. 465, it was ruled in 1859 that in actions on awards, as in other cases under the Code of New York, a defendant may put in an answer alleging facts sufficient to vacate the award, and pray an affirmative judgment to that effect, and that he was no longer driven to a cross-action for that purpose. So, too, in *Garvey* v. *Carey*, 35 How. Prac. 282, it was held in 1868 that in an action on an award an answer which sought to avoid the determination on the ground of misconduct on the part of the arbitrators and mistake in ascertaining the amount due, afforded a defense that was invulnerable to demurrer. At the time these decisions were rendered, the Revised Statutes of New York (vol. 2, 4 ed.), pt. 3, c. 3,

tit. 6, § 150, contained the following clause: "The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." In Wisconsin, under a similar statute, the same rule obtains: *Ferson* v. *Drew*, 19 Wis. 241; *Canfield* v. *Watertown Ins. Co.*, 55 Wis. 419 (13 N. W. 252). We have no statute authorizing an equitable defense to be interposed to an action at law, and though in this State a court of equity and a court of law are presided over by the same judge they are essentially different forums: *Beacannon* v. *Liebe*, 11 Or. 443 (5 Pac. 273); *Ming Yue* v. *Coos Bay Nav. Co.*, 24 Or. 392 (33 Pac. 641); *State ex rel.* v. *Lord*, 28 Or. 498 (43 Pac. 471, 31 L. R. A. 473); *Willis* v. *Crawford*, 38 Or. 522 (63 Pac. 985, 64 Pac. 866, 53 L. R. A. 904); *LeClare* v. *Thibault*, 41 Or. 601 (69 Pac. 552). In *Fire Association* v. *Allesina*, 45 Or. 154 (77 Pac. 123), it was held that, where appraisers were appointed to adjust a fire loss, the award could not be impeached or set aside for fraud in a court of law. As the decision in that case is controlling in this, it follows that no error was committed as alleged, and hence the judgment is affirmed.          AFFIRMED.