[Argued December 1, 1892;   decided December 19, 1892.]

## T. B. WAIT *v.* WHEELER & WILSON MANUFACTURING CO.

[S. C. 31 Pac. Rep. 661.]

1. COUNTER-CLAIM—WHEN ALLOWABLE—CODE, § 73.—In an action on a note given to a company by an agent in payment for certain sewing-machines sold to him, there cannot be a counter-claim of damages for breach of an agreement by the company to furnish the agent a reliable man to assist in selling the machines in payment for which the note was given, where it does not appear that the execution of the note and agreement were simultaneous or in any way connected. A counter-

claim is allowed only when the subject thereof arises out of and is legally connected with the contract or transaction which is the subject of the original complaint. In many states it is sufficient if the counter-claim arises out of a matter that is connected with the subject of the action, but the Oregon statute is not so broad. *Loewenberg* v. *Rosenthal,* 18 Or. 178 (22 Pac. Rep. 601 ), approved.

2. COUNTER-CLAIM — CONSTRUCTION OF STATUTE.— Section 73 of Hill's Code, relating to counter-claims, ought to be liberally construed, to the end that all controversies coming fairly within the terms of the statute may be settled in a single action between the parties.

Marion County: REUBEN P. BOISE, Judge.

Plaintiff appeals.    Affirmed.

*Bonham & Holmes,* for Appellant.

*M. W. Hunt (J. J. Shaw,* on the brief), for Respondent.

On January 23, 1892, the Wheeler & Wilson Manufacturing Company commenced an action at law in a justice's court against the appellant to recover the sum of $106 and interest on a promissory note executed by appellant on the twentieth day of November, 1890.

To the complaint, which is in the usual form, the appellant filed the following answer: "This day comes said defendant, by Bonham & Holmes, his attorneys, and for answer to plaintiff's complaint on file herein, denies that no part of said note set out in plaintiff's complaint has been paid, except the sum of $53 paid on said note on or about the twenty-second day of October, 1891; denies that there is now due or owing from defendant to plaintiff the sum of $106, or interest, as claimed, or any other or greater sum than is hereinafter stated and admitted. And for a further and separate answer and defense herein and counter-claim, defendant alleges: That in the month of September, 1890, plaintiff, by its agents, undertook and agreed with defendant to furnish him a good and reliable man to assist him (defendant) in the sale of the sewing-machines for the payment of which said note sued upon was given by defendant to plaintiff; that plaintiff, through its agents, assured defendant that it would

not recommend or furnish to him a man to assist him in the sale of said sewing-machines until they could find one whom they could safely recommend as a strictly honest, trustworthy, and competent man for such business; that defendant was during the years 1890 and 1891 engaged in handling and selling the Wheeler & Wilson sewing-machines for plaintiff, and to induce him (defendant) to continue in said business, and with a view to persuade defendant that it (plaintiff) would make such business profitable to defendant, he was induced to and did take into his employment one H. W. Fisk, about whom defendant knew nothing as to his honesty or competency as an agent to travel and sell said sewing-machines; but relying alone upon plaintiff's guaranty and assurance that said Fisk was an honest and trustworthy man, defendant took him into his employment, and, reposing trust and confidence in him, gave into his possession and control a number of sewing-machines (three in number), which he (the said Fisk) sold, and instead of paying over and accounting to the defendant for the proceeds thereof, as he agreed to do, feloniously appropriated and embezzled the sum of $84, which rightfully belonged to defendant, and surreptitiously left the country, and his whereabouts is unknown to defendant.

Defendant further avers that said Fisk, at the time plaintiff furnished and recommended him to this defendant as an honest and reliable man to employ in such service, was, and ever since has been, a dishonest bankrupt, financially and morally, and defendant has been unable to recover from him the money by him misappropriated as aforesaid, and plaintiff at the time it recommended said Fisk to defendant as an honest and trustworthy man, and induced defendant to engage him in his service as such, either knew nothing about him or knew him to be dishonest and untrustworthy; that while said Fisk was so engaged in defendant's employment as aforesaid, defendant lost by him $21 for three weeks' use of defendant's team, and the further sum of $3 for the feed

of said team during said period of three weeks; and the further sum of $30, which would have been the reasonable and fair profits coming to defendant on the sale of said three sewing-machines, the purchase price of which was misappropriated by said Fisk as aforesaid—making in all the sum of $165, which is justly due defendant from plaintiff, less the amount claimed by plaintiff on the note sued upon, and for which difference between the said sum claimed by plaintiff and the said sum due defendant as aforesaid defendant prays judgment against plaintiff, and for the costs and disbursements herein."

A demurrer to the further and separate defense, because it did not contain facts sufficient to constitute a counter-claim, was sustained by the justice, which ruling was affirmed by the circuit court on review; hence this appeal.

BEAN, J. (after stating the facts).—1. But one question is presented by this record, and that is, does the matter pleaded in the answer as a further and separate defense constitute a counter-claim within the meaning of our Code? So far as this question is concerned, the Code provides that the counter-claim "must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had," and "arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim": Hill's Code, § 73. Two classes of counter-claims are here provided for: *first,* a demand existing in favor of the defendant and against the plaintiff, which arises out of the contract upon which the plaintiff bases his cause of action; *second,* a demand so existing, which arises out of the transaction,—a broader term than a contract,—upon which the action is based; but in both instances the right of action of the plaintiff and that of the defendant must arise out of the same contract or transaction. As Mr. Pomeroy says: "The central idea of this subdivision is, that one and the same contract (or transaction) is the basis of both

parties' demand for relief": Pomeroy, Rem. 802.  In
many, and perhaps most, of the code states, it is suffi-
cient if the counter-claim, whether of a legal or equitable
nature, arises out of the contract or transaction set forth
in the complaint as the foundation of the plaintiff's claim,
or be connected with the subject of the action: Pomeroy,
Rem. § 581 ; and it was under these statutes that the
decisions relied on by appellant were made.   Now, there
is a broad distinction between a counter-claim arising
out of the contract or transaction upon which plaintiff's
claim is based, and one connected with the subject of the
action, as is clearly pointed out by Mr. Justice EARL, in
*Carpenter* v. *Manhatten Life Ins. Co.* 93 N. Y. 552, where
he says:   "The word 'connected' may have a broad sig-
nification.   The connection may be slight or intimate,
remote or near, and where the line shall be drawn it may
be difficult sometimes to determine."   But in this state,
it is not sufficient that the counter-claim, in an action at
law, be connected with the subject of the action, but it
must arise out of and be legally connected with the con-
tract or transaction upon which the plaintiff's claim is
based.   It is only proper in cases where the subject mat-
ter of the counter-claim arises out of and is connected
with the original claim, and is not permitted where the
matter relied on is an independent one, having no connec-
tion with the subject of the original complaint:   *Loewen-
berg* v. *Rosenthal,* 18 Or. 178 (22 Pac. Rep. 601).

In *Conners* v. *Winton,* 7 Ind. 523, under a statute some-
what similar in import to ours, it is said: "A counter-
claim is that which might have arisen out of, or could have
some connection with, the original transaction in view of
the parties, and which, at the time the contract was made,
they could have intended, might, in some event, give one
party a claim against the other for compliance or non-
compliance with its provisions."

2.   Now, in this case, the answer does not allege, or
in any way show, that the subject matter of the counter-
claim, as pleaded, arose out of, or is legally connected

with, the contract or transaction upon which plaintiff's cause of action is based.   If the statute was to receive a strict and literal construction according to its language, the defendant would be confined in his counter-claim to such matter as arose out of the making and execution of the note sued upon, for that is "the contract set out in the complaint as the foundation of plaintiff's claim."  But statutes of this kind should be construed liberally, to the end that all controversies between parties may be adjusted in a single action in all cases coming fairly within the terms of the statutes; and so construing our statute, we are of the opinion that any cause of action in favor of the defendant, and against the plaintiff, arising out of the contract or transaction between the parties, of which the promissory note set out in the complaint is but the evidence, can be said to arise out of the contract or transaction upon which plaintiff's action is based, and may be set up as a counter-claim to an action on the note.   But under this rule the answer is insufficient.   From the complaint and answer it may be inferred, although not dis-tinctly alleged, that the foundation of plaintiff's claim is the sale by it to defendant of certain sewing-machines; but there is no averment that the agreement of plaintiff "to furnish defendant a good and reliable man to assist him in the sale" of the machines was a part of or arose out of the sale of the machines, or the execution and de-livery of the note.   As alleged, it was a separate and independent matter, occurring some two months before the note was executed, and whether at the time of, before, or subsequent to, the sale of the machines, does not appear.   The breach of an independent agreement by the plaintiff,—to furnish defendant a good and reliable man to assist in the sale of the machines in payment for which the note was given, although it might be a good cause of action for damages in defendant's favor,—would not under our statute constitute a counter-claim to an action to recover the price of the machines, because it did not arise out of or have any legal connection with the

plaintiff's cause of action, and that is all the answer alleges in this case, giving it the most liberal construction possible.

It follows that the judgment must be affirmed.

---

[Argued Oct. 19, decided Dec. 19, 1892, and rehearing denied March 2, 1893.]