MANCHESTER PAPER-MILLS CO.

*v.*

HETH.

(*Supreme Court of Appeals of Virginia, Nov. 13, 1893.*)

[18 S. E. Rep. 189.]

**Appeal—Jurisdictional Amount—Case at Bar.**

The defendant was sued for $150, rent for a certain water privilege for which it had agreed to pay $50 per annum, and pleaded the general issue and a set-off of $850, for rents paid in previous years, through mistake, as it alleged: *held* that, as the set-off was a mere specious pretense, the appellate court had no jurisdiction of the matter, the amount involved being only the $150, and the minimum amount for which an appeal can be taken being $500.

Error to hustings court of Manchester; John H. Ingram, Judge.

Action of covenant by Heth, trustee, against the Manchester Paper-Mills Company, for rent for water privilege. From a judgment for plaintiff, defendant brings error. Dismissed.

*J. Saml. Parrish,* for appellant.

*Geo. K. Macon,* for appellee.

RICHARDSON, J., delivered the opinion of the court.

This is a writ of error to a judgment of the hustings court of the city of Manchester, rendered on the 27th day of January, 1892, in an action of covenant therein then pending, wherein Henry Heth, surviving trustee of himself and Wal-

ter K. Martin and C. C. McRae, trustees, was plaintiff, and
the Manchester Paper-Mills Company, a corporation char-
tered under the laws of the state of Virginia, was defendant.
This case, briefly stated, is this : In November, 1865,
Thomas Vaden, Jr., of the first part, and S. C. Robinson,
E. T. Robinson, and Samuel Fairbanks, partners under the
style of the Manchester Paper-Mills Company, parties of the
second part, entered into an agreement, under seal, wherein
it was set forth that "whereas the parties of the second part
are engaged in the manufacture of paper at a mill on the
James river, in the town of Manchester, and are desirous of
procuring pure spring water for the purposes of their busi-
ness aforesaid, it is mutually agreed that the parties of the
second part shall enter upon a certain tract of land in Ches-
terfield county, known as 'Buck Hill,' and owned by the
party of the first part, and construct thereon, at a point to
be selected by the parties of the second part, on or near the
south side of the old abandoned railroad track, a pool not
exceeding 10 feet square, the said pool to be supplied by a
certain spring branch-flowing thereto ;" and the said parties
of the second part were to have the right to lay pipes from
the said pool through the lands of the said party of the first
part, for the purpose of conducting water to their said mill,
and the pool and pipes, when once located, were to remain
fixed.   The parties of the second part were to have the right
of ingress and egress to keep their pool and pipes in proper
condition, but were not to interfere with the agricultural or
domestic use of the land.   And the party of the first part
received so much of the said water as might be necessary
for domestic purposes ; and the parties of the second part
agreed to pay $50 per annum to the parties of the second
part, always payable in gold or silver, as rent ; the agree-
ment to continue in force so long as said mill is operated as
paper mill.   By virtue of this agreement, the said parties of
the second part entered upon the said land, located and con-

structed the pool, conducted the water thereto, and laid their pipes, and for a number of years used the water, and regularly paid the rent.    The mill referred to in this agreement, with all its rights, privileges, easements, appurtenances, buildings, and improvements, was afterwards, to wit, on the 26th of August, 1879, sold to the plaintiffs in error by commissioners appointed in the suit of Fairbanks v. Wortendike, then pending in the chancery court of Richmond, and on the 9th of November, 1880, the sale was confirmed by a decree in said chancery cause ; and, in obedience to a decree entered therein on the 5th of February, 1881, a deed was made to said purchasers, and in the deed thus made to said purchasers the plaintiff in error specially enumerates as a part of the property purchased the lease from Thomas Vaden, Jr., to the Robinsons and Fairbanks, as aforesaid.    By a deed dated 4th day of January, 1873, the said Thomas Vaden, Jr., and E. H. Vaden, his wife, conveyed said Buck Hill property to Henry Heth, Walter K. Martin, and Christopher C. McRae, trustees, in trust for certain purposes in said deed set forth. The right to enforce said agreement of lease became vested in said trustees, and, two of them having died, this suit was brought by Henry Heth, the survivor of them, against the plaintiff in error, the said Manchester Paper-Mills Company, to recover, under and by virtue of said agreement, three years' water rent, at $50 per year, which said company owed and refused to pay.    At a term of the said hustings court, the defendant demurred to the plaintiff's declaration and to each count thereof, and at a subsequent day of the same term the demurrer was fully argued both by counsel for the plaintiff and the defendant, and the court took time until a later day of the term to consider of its judgment, when, on the 7th day of November, 1891, the court, having maturely considered the same, overruled the defendant's said demurrer, and the cause was continued until the January term, next thereafter, for trial.    At the said January term, to

wit, on the 27th day of January, 1892, the defendant, by its attorney, pleaded conditions performed and conditions not broken, payment and set-off, to the plaintiff's demands, and filed an itemized account, stating the nature of the payment and set-off which the defendant desired to prove ; and to the defendant's several pleas the plaintiff replied generally, and by consent of all parties, by their attorneys, a jury was waived, and the whole matter of law and fact was submitted to the court for decision, and the court, after mature consideration, adjudged and ordered that "the plaintiff recover against the defendant the sum of $150, the amount in the declaration mentioned, with interest at the rate of six per centum per annum upon $50, one part thereof, from the 1st day of November, 1888, until paid, and on $50, another part thereof, from the 1st day of November, 1889, until paid, and on $50, the balance thereof, from the 1st day of November, 1890, until paid, and his costs," etc. ; and the case is here on a writ of error to this judgment.

It is insisted on behalf of the defendant in error that, inasmuch as the real sum in this case is less than $500, this court is without jurisdiction, and that the writ of error should be dismissed as having been improvidently allowed. We think the objection is well taken. The action was on a money demand for three years' water rent, at $50 per year, with interest on the several annual sums from the time they respectively became due ; the aggregate of said sums, with interest to the date of the judgment, being for less than the minimum jurisdictional amount prescribed by the constitution. The action was founded on the agreement under seal, the substance of which is above set out. By that agreement the lessees therein named acquired and enjoyed the rights therein specified, and were entitled, by express stipulation, to enjoy the same so long as the mill in the said agreement mentioned should be operated as a paper mill ; and by said agreement they bound themselves to pay to the lessor $50

per year so long as said mill should be so operated. It is conceded that said mill has continued to be and is now operated as a paper mill. The plaintiff in error, the Manchester Paper-Mill Company, as successor of the original lessees, and as owner of said mill, became the complete owner of said water right, to the full extent of the stipulations contained in said agreement. That agreement is specific and certain in all its points, being in no respect of doubtful import. The plaintiff in error for many years paid the rent, but, for the three years the rent for which was the subject of this suit, payment was refused, upon the shallow pretext that it had never used the water right in question, and was therefore exonerated from payment. It is, it is true, a fact agreed, that the plaintiff in error, during its ownership and occupancy of said mill, has not used said water right; but that is irrelevant, as by said agreement it is bound to pay, whether it uses the water or not.

The plaintiff below (defendant in error here) claimed in his declaration $150, with interest, as aforesaid, and for that sum he recovered judgment, with interest on $50, a part thereof, from the 1st day of November, 1888, and on $50, another part thereof, from the 1st day of November, 1889, and on $50, the balance thereof, from the 1st day of November, 1890; the principal sum and interest to the date of the judgment being less than $500. But the plaintiff in error (defendant below), in addition to the general issue, pleaded payment and set-off, and filed itemized account of set-offs, the items being $50 per year for the rents, respectively, paid for the years from 1871 to 1887, inclusive, amounting—principal—to $850, and gave notice that the defendant claimed to set off said amount, with interest on said annual items, on the ground that said payments were through mistake. The claim thus to set off the plaintiff's demand is not only a mere colorable claim, but is obviously nothing other than a specious pretense of a claim that has no

foundation either in law or conscience.　To permit a party to acquire jurisdiction in this court under such circumstances would open wide the door to fraud upon the jurisdiction of the court, and would largely tend to abrogate the constitutional provision limiting the minimum jurisdictional amount of this court.　While with a plaintiff in actions of tort the rule is otherwise, in actions on money demands the amount is, in general, the claim made in the declaration.　In Gray v. Blanchard, 97 U. S. 564, Chief Justice Waite, in delivering the opinion of the court, said :　"This is a writ of error sued out by the defendant below, when the judgment against him upon a money demand was for only $1,118.71.　*Prima facie,* this is the measure of our jurisdiction in favor of the present plaintiff in error ; but he still thinks we must retain the cause, as the record shows that, having pleaded the general issue, he gave notice of set-off, claiming $10,000. It is true that such notice was given, but it is shown affirmatively by the record that the only dispute upon the trial under the notice was as to a single item of the amount of $446. In short, the bill of exceptions shows distinctly that the only controversy between the parties was in respect to a claim by the plaintiff below of about $2,000, and by the defendant (plaintiff in error) as to this item of set-off." Jurisdiction was denied.　In the present case there was no controversy in the court below as to any item of the amount of set-off.　The entire controversy was as to the $150 demanded in the plaintiff's declaration.　Looking to the entire record, there could, in the nature of things, have been no other controversy.　It follows, therefore, that this court is without jurisdiction, and the writ of error must be dismissed, as having been improvidently awarded.