# CHARLESTON.

McDONALD COLLIERY CO. *v.* CROTTY.

Submitted March 8, 1910.   Decided May 16, 1911.

1.  APPEAL AND ERROR—*Jurisdictional Amount.*
    A defendant cannot acquire a right of appeal by filing a counter claim which is manifestly specious and not provable. (p. 408).

2.  JUSTICES OF THE PEACE—*Amount in Controversy—Right to Appeal.*
    The amount in controversy before a justice of the peace cannot be increased by a fictitious counter claim, so as to entitle the defendant to an appeal, or to a writ of error in case an appeal is denied him by the justice and the circuit court. (p. 408).

3.  RIGHT TO APPEAL FROM JUSTICE.
    Quaere: Does a defendant in a case before a justice of the peace acquire the right to appeal by filing even a *bona fide* counter claim of appellate amount, if he offers no evidence on the trial before the justice in support thereof?   (p. 410).

Error to Circuit Court, Fayette County.

Action by the McDonald Colliery Company against G. E. Crotty.  Judgment for plaintiff, and defendant brings error.

*Dismissed.*

*M. Van Pelt,* for plaintiff in error.

*Dillon & Nuckolls,* for defendant in error.

Robinson, Judge:

Plaintiff and defendant had some controversy as to the possession of a mule and plaintiff obtained possession of the animal from defendant by paying him twelve dollars.  Thereafter, plaintiff, before a justice of the peace, sued defendant for the sum so paid.  Defendant filed an answer to the suit, which is indefinite and uncertain as to the basis of the counter claims which it undertakes to interpose.  It demands one hundred dollars for the mule and twenty dollars for curing the mule's sore shoulder.  By this answer, the defendant in effect says to the plaintiff: "I did let you have the mule for twelve dollars, but since you sue me for the return of that amount, I charge you one hundred dollars for the mule and also twenty dollars for doctoring the mule while it was yet mine."  The record does not disclose on what ground plaintiff sought judgment for the twelve dollars.

At the trial before the justice, defendant offered not a word of evidence to support his alleged counter claims.  Plaintiff recovered judgment for the twelve dollars, and defendant filed bond for an appeal.  The justice refused an appeal; and, upon petition to the circuit court in the premises, that court also denied defendant an appeal.  To this action of the circuit court, defendant obtained a writ of error.

Defendant says that as to him the case involves an amount within the right to appeal from the judgment of the justice and also within the right to prosecute the writ of error.  If his counter claims could be considered *bona fide,* he might have the right to appeal from the judgment of the justice, or to prosecute the writ of error to correct the action of the circuit court in denying him an appeal.  But the case is too pregnant with the fact that his counter claims are merely filed to raise the jurisdictional amount so that he can further contest the

real amount at issue, that is, the sum of twelve dollars. By the counter claim route, defendant proposes to avoid the statute which prescribes that a controversy about the sum of twelve dollars can go no further than a justice of the peace. It would not be consistent with the foundation and dignity of this Court to assist him in the procedure which he has undertaken.

The answer setting up the alleged counter claims shows that, when defendant allowed plaintiff to take possession of the mule from him, he considered that it was only of the value of twelve dollars to him. That negotiation is clear proof of the mule's value to defendant. We are not told in the record what rights defendant then claimed as to the animal, nor what rights plaintiff claimed as to it. The answer alleging the counter claim does not directly aver that defendant ever owned the mule. His charge for curing its shoulder would indicate that it belonged to plaintiff when he had it in his possession. At any rate, we do not understand how defendant can be in good faith in charging one hundred dollars for that which he admits in his answer he agreed to deliver for twelve dollars; nor how he can consistently charge twenty dollars for curing the mule's sore shoulder if the mule belonged to him so that he could demand one hundred dollars or even twelve dollars for it. The two items of counter claim are totally inconsistent, the one to the other. And again, twenty dollars seems an outrageous price for curing the sore shoulder of a twelve dollar mule. The latter price was all defendant demanded and received for the mule before this suit began.

All too plainly does it appear from the very nature of the alleged counter claims that they are merely specious, and that they are filed only for the purpose of procuring the jurisdiction which defendant seeks in the circuit court. Another indication of the specious character of the counter claims is that defendant offered no evidence to support them at the trial before the justice. If he was in good faith as to them, it is strange that he did not use them to defeat the action against him before the justice and to secure a judgment in his favor there. If the counter claims are *bona fide* and provable, he could thus have avoided the demand for the appeal which he is seeking. Shall he be entitled to an appeal when he might have avoided the necessity for it by proving before the justice that which he de-

sires to prove on appeal? Shall we thus allow him to deny the justice's jurisdiction to pass on his claims, notwithstanding the statute plainly contemplates that they shall be adjudicated there? His sole aim seems to be to get around the jurisdiction of the justice. Shall we uphold defendant in totally ousting the justice of jurisdiction for the adjudication of these counter claims, and give him the right to have them adjudicated on appeal in the circuit court? And, by so upholding him, shall we permit him to go to the circuit court where again he may offer no substantial proof of the counter claims, thinking only; as it certainly appears he does, there to reverse the finding of the twelve dollars against him?

Indeed it may be questioned seriously whether defendant could demand any appeal on his counter claims, even if they appeared ever so *bona fide*, since he offered no proof in support of them before the justice. But since the counter claims from their very relation to the case bear evidence of sham, and indicate that they were filed solely for the purpose of demanding an appeal, we need not carry this phase of the case to a decision. Can a defendant appeal on even a *bona fide* counter claim of appellate amount, which he has not put in controversy on the trial before the justice by introducing evidence in support of it? The following citations may assist in answering the question: Code 1906, ch. 50, secs. 55 and 163; *Dickey* v. *Smith,* 42 W. Va. 805; 1 Enc. Pl. & Pr. 735; *Kurtz* v. *Hoffman,* 65 Iowa 260.

That the amount in controversy cannot be increased fictitiously for the purpose of conferring the right to appeal is without question. Yet it is palpably evident that defendant undertook to violate this principle in the case at hand. "A dedefendant cannot acquire the right of appeal by filing a set-off manifestly specious and unprovable." 1 Enc. Pl. & Pr. 712. To know that defendant's claims are fictitious, specious, and not provable we have only to observe the inconsistency of defendant in claiming one hundred dollars for that which he admits he delivered for twelve dollars; or in now claiming twenty dollars for doctoring the mule, an item he had not invented when he gave over the mule for twelve dollars. We have only to observe the record as a whole to know beyond doubt that the only purpose of the counter claims was to litigate a twelve

dollar suit in courts other than that of the justice of the peace. Defendant has filed no brief before us. Has he realized how glaringly appears the real purpose of his use of these alleged counter claims?

We may appropriately say of defendant's counter claims what the Virginia court said as to an action to recover rent, which was met by a counter claim for rents previously paid under the lease: "The claim thus to set-off the plaintiff's demand is not only a mere colorable claim, but is obviously nothing other than a specious pretense of a claim that has no foundation either in law or conscience. To permit a party to acquire jurisdiction in this court under such circumstances would open wide the door to fraud upon the jurisdiction of the court, and would largely tend to abrogate the constitutional provision limiting the minimum jurisdictional amount of this court." *Manchester Paper Mills Co.* v *Heth,* 1 Va. Dec. 776, 18 S. E. 189.

The writ of error will be dismissed as improvidently awarded.

*Dismissed.*

BRANNON, JUDGE, *dissenting:*

I dissent. I deem the matter of sufficient importance to make a short note. The decision virtually denies the right of a defendant filing in an action in a justice's court offsets to choose between a trial in that court and the circuit court. Appeal from a justice's judgment is a matter of right. No cause need be shown, and in the circuit court there is a new trial, without regard to the trial before the justice. That trial has nothing to do with the trial on the appeal. The defendant may prefer a trial before a competent judge. Or he may have forgotten to attend before the justice, or even neglected the trial, or have failed for other cause. He can appeal of right within the limit for appeal. You cannot say his offset is fictitious. That is a matter to be tested by the evidence on appeal. This is a question of fact for the jury. The character of the claim, whether well founded or fictitious or genuine, must be decided on the trial by the jury. That is a question of fact on which the suitor has a right to appeal to a jury, and I cannot see how the court can put its stamp of condemnation on it in advance of the evidence before a jury.