Argued June 15, reversed July 18, 1916.

## CHANCE *v.* CARTER.

(158 Pac. 947.)

**Dismissal and Nonsuit—Plaintiff's Right—Counterclaim.**

1. Under Section 182, L. O. L., as to nonsuits, plaintiff has an absolute right at any time before trial to a voluntary nonsuit unless a counterclaim has been pleaded as a defense.

**Setoff and Counterclaim—What Constitutes—"Counterclaim."**

2. The distinction between actions at law and suits in equity has not been abrogated, so that to constitute a counterclaim in a law action it is not enough that defendant's claim be merely "connected with the subject of the action."

**Ejectment—Actions—Questions Involved.**

3. The action of ejectment involves both the right of possession and the right of property.

　　[As to the property or invasion of possession for which ejectment is maintainable, see note in 116 Am. St. Rep. 568.]

**Ejectment—Setoff and "Counterclaim"—"Transaction."**

4. Section 73, L. O. L., requires the answer to contain denials and any new matter constituting a counterclaim. Section 74 requires a

counterclaim to be in favor of defendant against plaintiff, between whom a several judgment might be had in the action, and to arise out of a cause on contract, or transaction, set forth in the complaint as the foundation of plaintiff's claim, or, in actions on. contract, any other cause on contract existing on commencement of the action. *Held* that, while the word "transaction" means more than "contract," and includes a business or other affair between the parties, yet, where plaintiff in ejectment merely alleged ownership and. defendant's unlawful occupancy, defendant's answer merely claiming title was not a counterclaim, since neither revealed the transaction involved as the basis of plaintiff's claim.

**Ejectment—Setoff and "Counterclaim"—What Constitutes.**

5. In ejectment, where defendant answers under Section 328, L. O. L., claiming to be the absolute owner and denying plaintiff's interest, the answer is applicable only to one action, and is in no sense a counterclaim, although it permits defendant to secure affirmative relief.

**Pleading—Setoff and Counterclaim—Requisites.**

6. A counterclaim must be complete in itself, and show that defendant could recover if he first sued for that purpose.

From Yamhill: HARRY H. BELT, Judge.

In Banc.    Statement by MR. JUSTICE HARRIS.

This is an action of ejectment by Martha A. Chance against C. C. Carter.

The body of the complaint, omitting the description of the land, is here set forth in full:

"That the said plaintiff is the owner in fee simple of the [land described]; that the said plaintiff is entitled to the possession of the said described real property and the whole thereof; that the said defendant wrongfully withholds the possession of the said described real property from the said plaintiff to her damage."

After denying the alleged ownership of plaintiff and traversing her claim of right to the possession, the answer avers that:

"The defendant is the owner in fee simple of the real premises ·* * and in possession thereof rightfully, and is entitled to such possession; * * that the said defendant and his predecessors in interest * * have been in * * adverse possession of the said real prem-

ises * * for more than ten years last past, prior to the commencement of this action''; and that ''the plaintiff,'' her ancestor, predecessor, or grantor, was not seised or possessed of the real premises * * within ten years immediately prior to the commencement of this action.''

And then the answer concludes with a demand for judgment ''that he is the owner in fee simple and entitled to the possession of the real premises.'' The affirmative portions of the answer were traversed by a reply.

The court fixed May 10, 1915, as the time for the trial of the cause. The plaintiff mailed to the clerk of the court a written motion for a voluntary nonsuit, and on May 10, 1915, but before attempting to commence the trial, the court denied the motion and made an order which in part recites that:

''On this day, this cause coming on to be heard upon the plaintiff's motion for a judgment of nonsuit, the defendant herein appearing by his attorneys, and the plaintiff, although being duly called, comes not, but makes default and the cause being at issue upon the question of fact and the defendant herein having pleaded a counterclaim to the plaintiff's complaint, claiming and alleging that he is the owner in fee simple of the real premises described in the complaint. * * ''

Although the plaintiff was not present, a jury was nevertheless impaneled, and after the defendant submitted his evidence and the court delivered his instructions the jury reached a verdict finding that the defendant owned the land and was entitled to its possession. The plaintiff appealed from the judgment which was entered on the verdict.     REVERSED.

For appellant there was a brief and an oral argument by *Mr. George W. Gearhart.*

For respondent there was a brief over the name of *Messrs. McCain, Vinton & Burdett,* with oral arguments by *Mr. W. T. Vinton* and *Mr. James E. Burdett.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The plaintiff argues that she had an absolute right voluntarily to dismiss the action, and that by force of the statute the court was obliged to allow the motion. The validity of the order denying the motion for a voluntary nonsuit depends upon whether the answer in the action of ejectment presents a counterclaim within the meaning of Section 182, L. O. L., which provides that:

"A judgment of nonsuit may be given against the plaintiff as provided in this chapter:

"1. On motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense."

Precedents have firmly established the rule that in an action at law the plaintiff possesses the absolute right to a voluntary nonsuit at any time before trial "unless a counterclaim has been pleaded as a defense" (*Currie* v. *Southern Pacific Co.,* 23 Or. 400, 402 (31 Pac. 964); *Hume* v. *Woodruff,* 26 Or. 373, 375 (38 Pac. 191); *Ferguson* v. *Ingle,* 38 Or. 43, 45 (62 Pac. 760); *Hutchings* v. *Royal Bakery,* 60 Or. 48, 50 (118 Pac. 185); and therefore the court was powerless to deny the motion if the answer did not plead a counterclaim.

2-4. Ascertainment of the scope and meaning of the term "counterclaim," used in Section 182, L. O. L., will solve the question presented by this appeal, and we can discover the meaning of the word by turning to Sections 73 and 74, L. O. L., because those provisions

of the Code specify what may be pleaded as a counter-claim in an action at law.  Section 73 provides that:

"The answer of the defendant shall contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant. * * 2. A statement of any new matter constituting a defense or counterclaim."

Section 74, L. O. L., originally read thus:

"The counterclaim mentioned in Section 73 must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.

"The defendant may set forth by answer as many defenses and counterclaims as he may have.  They shall each be separately stated, and refer to the causes of action which they are intended to answer, in such manner that they may be intelligibly distinguished."

This section was amended by Chapter 173, Laws of 1913, by adding the words:

"Provided, that the defendant shall not be required to admit in his answer any liability or indebtedness to the plaintiff in order to be permitted to plead a counterclaim."

And a second amendment was made by Chapter 8, Laws of 1915, enabling a defendant to set forth by answer as many counterclaims as he may have, "including pleas in abatement."  However, all that part of Section 74 which is material to this discussion has remained unchanged from the time of its adoption in 1862.  We must remember, too, that Section 74 does

not contain the words "or connected with the subject of the action" found in the Codes of many other states (*Krausse* v. *Greenfield,* 61 Or. 502 (123 Pac. 392, Ann. Cas. 1914B, 115); 34 Cyc. 660; Pomeroy, Code Rem. (4 ed.), § 602), although in a suit in equity a counterclaim may be pleaded "if it be connected with the subject of the suit" (Section 401, L. O. L.; *Le Clare* v. *Thibault,* 41 Or. 601, 605 (69 Pac. 552). In this state the distinction between actions at law and suits in equity has not been abrogated; and it is not sufficient to create a counterclaim in an action at law if the claim of the defendant "be only connected with the subject of the action": *Krausse* v. *Greenfield,* 61 Or. 502, 506 (123 Pac. 392, Ann. Cas. 1914B, 115). Furthermore, as stated in *Cohn* v. *Wemme,* 47 Or. 146, 150 (81 Pac. 981, 8 Ann. Cas. 508):

"We have no statute authorizing an equitable defense to be interposed to an action at law, and, though in this state a court of equity and a court of law are presided over by the same judge, they are essentially different forums": *Chauncey* v. *Wollenberg,* 59 Or. 214, 224 (115 Pac. 419); *Burrage* v. *Bonanza G. & Q. M. Co.,* 12 Or. 169, 173 (6 Pac. 766).

We must therefore eliminate from our consideration all those reported decisions which are predicated upon statutes containing the words "or connected with the subject of the action," and also all juridical expressions found in jurisdictions where both legal and equitable rights may be asserted and established in a single proceeding which is usually termed an action.

Having noted that a suit in equity as distinguished from an action at law must be resorted to for the enforcement and establishment of an equitable right, and having observed that our statute which provides for counterclaims in an action at law is narrower than

the provisions usually found in the Codes of other states, attention can now be directed to the language of Section 74, L. O. L. When applied to an action at law, and the instant proceeding is an action at law, the statute declares in plain and unequivocal terms that the counterclaim must in any event be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and it must arise out of a cause of action, as distinguished from a cause of suit. Nor is it enough that the defendant has some cause of action against the plaintiff (*Loewenberg* v. *Rosenthal,* 18 Or. 178 (22 Pac. 601); *Wait* v. *Wheeler & Wilson Co.,* 23 Or. 297 (31 Pac. 661); *Kondo* v. *Aylsworth, ante,* p. 225 (158 Pac. 946), because by the positive terms of subdivision 1 a cause of action does not reach the dignity of a counterclaim unless it arises either (a) out of the contract set forth in the complaint, as the foundation of the plaintiff's claim, or (b) out of the transaction set forth in the complaint as the foundation of the plaintiff's claim; or, if the action prosecuted by the plaintiff arises on contract, then subdivision 2 permits the defendant to counterclaim by pleading "any other cause of action arising also on contract, and existing at the commencement of the action." Obviously the answer filed by Carter does not plead a cause of action arising "out of the contract * * set forth in the complaint as the foundation of the plaintiff's claim," and it is equally plain that the plaintiff is not prosecuting "an action arising on contract" (7 Standard Ency. of Pr. 982), and therefore the answer does not recite a counterclaim within the meaning of Section 74 unless it pleads a cause of action against the plaintiff arising out of the "transaction" set forth in the complaint as the foundation of the plaintiff's claim.

While it is perhaps difficult to phrase a general formula by which to determine in all cases what is the "transaction" set forth as the foundation of the plaintiff's claim, yet, notwithstanding the judicial expressions holding that "transaction" is either synonymous with "contract" or is merely the very cause of action which the plaintiff had alleged in his pleading as the ground of recovery, it is nevertheless manifest that the word means something different from the term "contract," because both words appear in the same subdivision, and if each means the same as the other, then one would be only a useless repetition of the other: Pomeroy, Code Rem. (4 ed.), § 650; *Deford* v. *Hutchison,* 45 Kan. 318 (25 Pac. 641, 11 L. R. A. 257). If the word "transaction" is taken in its ordinary and popular sense, it signifies "the doing or performing of any affair; that which is done or in the process of being done" (Webster's Dictionary); "a doing or performing"; "a matter or affair either completed or in the course of completion" (Century Dictionary). In Pomeroy, Code Rem. (4 ed.), Section 650, the word "transaction" as used in the Codes is spoken of as:

"Something—that combination of acts and events, circumstances, and defaults—which, viewed in one aspect, results in the plaintiff's right of action, and viewed in another aspect, results in the defendant's right of action. As these two opposing rights cannot be exactly the same, it follows that there may be, and generally must be, acts, facts, events, and defaults in the transaction as a whole which do not enter into each cause of action, but are confined to one of them alone."

In *Loewenberg* v. *Rosenthal,* 18 Or. 178, 184 (22 Pac. 601), the court says subdivision 1, Section 74, "would imply that it arose out of some agreement or business affair between the parties." An extended discussion

of the word may be found in *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551 (29 Atl. 76, 25 L. R. A. 856), where that court states:

"As the word is employed in American Codes of pleading and in our own Practice Act, a 'transaction' is something which has taken place whereby a cause of action has arisen. It must therefore consist of an act or agreement or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. * * It (Practice Book) has taken the word 'transaction,' not out of any legal vocabulary of technical terms, but from the common speech of men. So far as we are aware, it has never been the subject of any exact judicial definition. It is therefore to be construed as men commonly understand it. * * "

See, also, Bliss, Code Pleading (3 ed.), § 372; 34 Cyc. 686; 38 Cyc. 937; *Burrage* v. *Bonanza G. & Q. M. Co.*, 12 Or. 169, 174 (6 Pac. 766).

A claim is available as a counterclaim if it arises out of a cause of action if that cause of action in turn arises out of the "transaction" set forth by the plaintiff as the "foundation" of his claim (Pomeroy, Code Rem. (4 ed.), § 650); and, therefore, if C. C. Carter has pleaded a cause of action in his answer arising out of the "transaction" set forth by Martha A. Chance as the "foundation" of her claim, then the former has pleaded a counterclaim.

The action of ejectment involves both the right of possession and the right of property. The right of possession depends upon a right of property, because the right of possession must be traced to some estate in the property; and there can be no right of possession unless it is referable to and is founded upon an estate in the property. The plaintiff merely states in

broad terms that she owns the land, that defendant has possession, and that she is entitled to possession. The defendant admits that he has possession, and in equally broad terms avers ownership in fee simple supplemented by an averment of adverse possession. Both pleadings are governed by statute, the complaint by Section 327, L. O. L., and the answer by Section 328, L. O. L., and the plaintiff has contented herself by merely setting forth the nature of the alleged estate without mentioning the transaction which supports that estate. Even though the word "transaction" be given its most comprehensive meaning, it is impossible to know from the pleading whether the estate claimed by the defendant or the possession held by him arose out of, or grew from, or is even connected with any transaction whatever relied upon by the plaintiff as the foundation of her claim, and consequently the answer does not state a counterclaim within the contemplation of Section 74, L. O. L.: *Chamberlain* v. *Townsend,* 72 Or. 207 (142 Pac. 782, 143 Pac. 924).

The conclusion that the answer filed by the defendant is not a counterclaim within the meaning of Section 74, L. O. L., is strengthened by the inference to be drawn from the history of the chapter concerning "action to recover real property" embracing Sections 324 to 340, L. O. L., inclusive. In 1862 the legislature passed an act entitled "An act to provide a Code of Civil Procedure." Section 72 of that act is reproduced as Section 74, Lord's Oregon Laws, and Sections 312 to 329, except Sections 325, appear in the present Code as Sections 324 to 340, and therefore Section 74 and Sections 324 to 340, L. O. L., inclusive, were adopted at the same time and as parts of the same legislative act.

5. Prior to the adoption of Chapter 173, Laws of 1913, a defendant could not plead a counterclaim "unless he, by his answer, admitted at least a part of the plaintiff's demand": *Hammer* v. *Campbell Gas-Burner Co.,* 74 Or. 126, 140 (144 Pac. 396). See, also, *Dove* v. *Hayden,* 5 Or. 501, 503; *Le Clare* v. *Thibault,* 41 Or. 601, 608 (69 Pac. 552). Section 328, L. O. L., permits a defendant in an action of ejectment to plead and prove any estate that he may have in the property, and this section does not contemplate that the defendant shall admit any part of the demand made by the plaintiff, because Section 328 enables the person in possession to deny that the plaintiff has any right whatsoever, and at the same time to aver in the answer that he is the absolute owner of the land and entitled to retain possession. Section 328 is a special section applicable only to one kind of action, and an answer filed under that section is in no sense a "counterclaim," as that word is used in the Code.

6. Furthermore, while the answer pleads enough to conform to a special provision of the statute applicable to actions in ejectment, nevertheless the pleading does not, strictly speaking, set forth a cause of action, because, if the new matter stood alone, it would not contain all the elements necessary for a cause of action; nor would the new matter in the pleading by itself be a complete statement of a cause of suit. Repeated decisions have declared that a counterclaim must be complete in itself, and state facts which show that the defendant is entitled to recover from the plaintiff if an action had been instituted for that purpose: *Le Clare* v. *Thibault,* 41 Or. 601 (69 Pac. 552); *Watson* v. *McLench,* 57 Or. 446, 451 (110 Pac. 482, 112 Pac. 416); *Hammer* v. *Campbell Gas-Burner Co.,* 74 Or. 126, 136 (144 Pac. 396). Technically, therefore, the

answer neither states a cause of action nor a cause of suit, and the pleading would not be a sufficient complaint in an action of ejectment or in a suit to quiet title, although it does comply with a special statute which enables the defendant, upon proving his claim, not only to defeat the action of the plaintiff, but also to secure affirmative relief which is akin to the aid granted by a suit to quiet title. The answer does not state a counterclaim within the contemplation of the Code; the plaintiff had an absolute right to a judgment of nonsuit; and it was therefore error to deny the motion of plaintiff.

The judgment is reversed, with directions to enter a judgment of nonsuit.

REVERSED WITH DIRECTIONS.

MR. JUSTICE BURNETT and MR. JUSTICE EAKIN absent.