Argued February 11, appeal dismissed March 8, 1927.

## EAGLE POINT *v.* CHARLES HANSCOM.

(252 Pac. 399.)

**Appeal and Error—Supreme Court had No Jurisdiction to Consider Appeal from Judgment Under Complaint Seeking $150 Recovery, Notwithstanding Improper Counterclaim for $1,000 (Or. L., § 548, as Amended by Gen. Laws 1923, p. 216).**

1. In action by municipal corporation for trespass, where amount claimed was $150, no appeal could be taken to Supreme Court, under Section 548, Or. L., as amended by General Laws of 1923, page 216, providing no appeal can be taken unless amount in controversy appearing from pleadings exceeds $250, notwithstanding interposition of a counterclaim for $1,000, where such counterclaim was improper.

**Set-off and Counterclaim—That Mayor Maliciously Prosecuted Defendant for Trespass Held not Proper Counterclaim to Civil Action by Municipal Corporation for Trespass (Or. L., §§ 73, 74, and § 548, as Amended by Gen. Laws 1923, p. 216).**

2. In action by municipal corporation for trespass on plaintiff's pound, affirmative defense charging malicious prosecution of defendant by mayor for trespass on pound *held* not proper counterclaim, increasing amount in controversy so as to enable appeal, under Section 548, Or. L., as amended by General Laws of 1923, page 216, as municipal corporation could not be *held* liable on account of its mayor having instituted malicious prosecution without probable cause; counterclaim under Sections 73, 74, Or. L., being limited to counterclaim existing in favor of defendant and against plaintiff between whom several judgment might be had in action.

**Set-off and Counterclaim—Only Cause of Action Growing Out of Same Transaction may be Pleaded as Counterclaim in Tort Action (Or. L., § 74).**

3. In action in tort, only cause of action growing out of same transaction may be pleaded as counterclaim, it being insufficient that cause is connected with transaction, under Section 74, Or. L.,

permitting assertion as counterclaim of cause of action arising out of transaction set forth in the complaint.

**Municipal Corporations—Municipal Corporation is not Liable for Act of Mayor Instituting Malicious Prosecution.**

4. Municipal corporation cannot be *held* liable for action of mayor in instituting malicious prosecution without probable cause for trespass on corporation's pound, as act is beyond scope of authority of officer, for which he, and not corporation, would be liable.

**Pleading—Objection That Counterclaim Could not be Maintained Held not Waived by Failure to Demur.**

5. In action by municipal corporation for trespass on its pound, in which affirmative defense was claimed for malicious prosecution for such trespass, plaintiff's objection that counterclaim could not be maintained *held* not waived by failure to demur thereto.

Appeal and Error, 3 C. J., p. 401, n. 2, p. 419, n. 3.
Municipal Corporations, 28 Cyc., p. 1274, n. 70.
Pleading, 31 Cyc., p. 218, n. 83, p. 222, n. 38, p. 728, n. 50.
Recoupment, Set-off and Counterclaim, 34 Cyc., p. 682, n. 54, p. 684, n. 55.

From Jackson: C. M. THOMAS, Judge.

Department 2.

APPEAL DISMISSED.

For appellant, *Messrs. Reames & Reames.*

For respondent, *Mr. Porter J. Neff.*

BEAN, J.—This action was commenced in the Justice Court in Medford, Oregon. The complaint is based upon three causes of action, each for the sum of $50 damages for trespass. In the first cause of action the complaint alleges that on December 3, 1922, the defendant forcibly broke into and entered upon the land of plaintiff, particularly described in the complaint, the same being the pound of the town of

4. Liability of municipal corporation for malicious prosecution of suit by its officers, see notes in 14 L. R. A. 792; 32 L. R. A. (N. S.) 36. See, also, 18 R. C. L. 65.

5. See 24 R. C. L. 877.

Eagle Point. The other two causes of action are identical, except being alleged on different dates, and damages in the total sum of $150 are demanded.

The defendant answered denying the allegations of the complaint, except the averment that plaintiff is a municipal corporation; and further alleges, in substance, that the town of Eagle Point was so situated that it was necessary for the defendant to drive his livestock from the range through the town; that defendant's cattle were wrongfully driven into the pound.

That H. E. Campbell, mayor of the plaintiff corporation, maliciously, and without probable cause, swore to a criminal complaint before the justice of the peace, charging defendant with trespass upon the pound of Eagle Point; that the criminal action was dismissed; on account thereof the defendant was damaged in the sum of $1,000, for which judgment is demanded. The reply put in issue the allegations of the answer.

The cause was tried before the Circuit Court and a jury and a verdict rendered in favor of plaintiff in the sum of $40. From a judgment thereon, the defendant appeals. Plaintiff moves to dismiss this appeal upon the ground that the court has no jurisdiction thereof, because the amount in controversy, as shown by the pleadings, is less than $250.

Section 548, Or. L., as amended by Chapter 153, General Laws of Oregon 1923, page 216, provides in part as follows:

"No appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

1. The right of appeal in this case depends upon whether or not the answer relating to a malicious prosecution by H. E. Campbell, mayor of the town of Eagle Point, constitutes a proper counterclaim.

2. Section 73, Or. L., permits an answer of defendant to contain a statement of any new matter constituting a defense or counterclaim. Section 74, Or. L., in so far as material here, provides that:

"The counterclaim, mentioned in section 73, must be one existing in favor of defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim."

3. It is only a cause of action growing out of the same transaction that may be pleaded as a counterclaim in an action in tort. It is not enough that it be connected with the transaction: *Wait* v. *Wheeler & Wilson,* 23 Or. 297, 301 (31 Pac. 661); *Miser* v. *O'Shea,* 37 Or. 231, 235 (62 Pac. 491, 82 Am. St. Rep. 751); *Chance* v. *Carter,* 81 Or. 229 (158 Pac. 947).

4. The town of Eagle Point, a municipal corporation, cannot be held liable on account of its mayor instituting a malicious prosecution without probable cause. The act would be beyond and without the scope of the authority of the municipal officer and would be the personal and individual act of H. E. Campbell, and the defendant's remedy, if any, would be against such person and not against the town of Eagle Point: *Doyle* v. *City of Sand Point,* 18 Idaho, 654 (112 Pac. 204, Ann. Cas. 1912A, 210, 32 L. R. A. (N. S.) 34); *Bartlett* v. *City of Columbus,* 101 Ga. 300 (28 S. E. 599, 44 L. R. A. 795).

The answer does not set up a proper counterclaim in this action and the amount of such counterclaim will not be considered in determining the appellate jurisdiction of this court: 3 C. J. 419, and notes.

5. The objection that the counterclaim attempted to be maintained herein was not maintainable was not waived by a failure to demur thereto: *Kondo* v. *Aylsworth,* 81 Or. 225, 228 (158 Pac. 946).

The Circuit Court instructed the jury that the acts of Mr. Campbell in regard to the criminal proceeding was not a defense to plaintiff's action. Such counterclaim is not a proper basis for conferring jurisdiction: *Cumberland Tel. etc. Co.* v. *Logsdon,* 142 Ky. 639 (134 S. W. 1159).

There being no legal counterclaim involved in this action, the total amount involved, as shown by the pleadings, is the sum of $150. The motion to dismiss will therefore be allowed. APPEAL DISMISSED.

BURNETT, C. J., and BROWN and MCBRIDE, JJ., concur.