Argued July 8; motion to dismiss appeal allowed July 21, 1931

## McHUGH et al. *v.*
## PRUDENTIAL SAVINGS & LOAN ASS'N
(1 P. (2d) 604)

*F. M. Phelps,* of Portland (Phelps & Burdick, of Portland, on the brief), for appellant.

*Harold W. Peterson,* of Portland (McCredie & Wigfall, of Portland, on the brief), for respondents.

BELT, J. Plaintiffs commenced this action to recover $120 which, it is alleged, they were induced, by reason of certain fraudulent representations, to deposit with the defendant savings and loan association, as a membership fee. At the conclusion of the case in chief, the court allowed the motion of defend-

ant for a judgment of involuntary nonsuit against the plaintiffs. After the allowance of this motion, the court also allowed defendant's motion for a voluntary nonsuit as to its counterclaim amounting to $483. Thereafter on motion of plaintiffs, the court set aside the orders thus made and granted a new trial. Whereupon defendant appeals.

Plaintiffs urge that the appeal should be dismissed for the reason that it appears from the pleadings that the amount in controversy does not exceed $250. Section 7-501, Oregon Code 1930, provides:

"* * * no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

In the light of the statute, let us examine the pleadings to see whether the amount in controversy is in excess of $250. It is obvious that, if the counterclaim is to be considered in determining the amount in controversy, this court has jurisdiction; if, however, the counterclaim is to be eliminated from consideration, it is likewise plain that the motion to dismiss the appeal should be allowed.

We turn to the counterclaim. Defendant alleges that, on February 23, 1927, plaintiffs made written application to the defendant to become a member thereof and to purchase 60 class B shares of the par value of $100 each; that this amount was to be paid in monthly installments of $21, commencing with the month of March, 1927; that the application was accepted and that, pursuant thereto, the plaintiffs made payments which, together with accrued interest, amounted—over and above the membership fee of $120

or $2 per share—to the sum of $332.45. Defendant further alleges that plaintiffs on July 14, 1928, withdrew this amount and that they failed and refused to make 23 monthly payments aggregating $483 for which judgment was demanded.

■ We are at a loss to understand under what theory the defendant can thus claim judgment. The money deposited, aside from the membership fee, belonged to the plaintiffs. Under section 25-310, Oregon Code 1930, the terms of which are pleaded by the defendant, the plaintiffs, by giving sixty days' written notice, had the right to withdraw money deposited, less membership fee. The counterclaim seems to be based on the theory that the monthly payments belong to the defendant rather than the plaintiffs. It is not surprising that defendant applied to the court to withdraw its counterclaim. Such pleading, upon its face, is obviously fictitious. It fails to allege facts sufficient to constitute a counterclaim and, therefore, can not properly be considered in fixing the amount in controversy.

■ The counterclaim having been practically abandoned, it will be excluded in determining the amount in controversy: *Houston E. & W. T. Ry. Co. v. Perkins* (Tex.), 44 S. W. 547; *Cumberland Tel. & Tel. Co. v. Logsdon,* 142 Ky. 639 (134 S. W. 1159); *Jaklewicz v. Lenhart,* 86 Wash. 138 (149 P. 642); *McDonald Colliery Co. v. Crotty,* 69 W. Va. 407 (71 S. E. 568). As stated in *Societa Italiana v. Sulzer,* 138 N. Y. 468 (34 N. E. 193):

"When it appears that the cause of action stated in the complaint involves a sum less than $500, this court will not obtain jurisdiction to review the judgment by the mere fact that what purports to be a counterclaim for a greater amount appears upon the record, but will examine the pleading, and if it is plain

that no facts are stated which would enable the defendant to give proof under it or to recover any counterclaim in fact, will dispose of the appeal in the same manner as if no attempt whatever had been made to interpose a counterclaim.''

*Eagle Point v. Hanscom*, 121 Or. 40 (252 P. 399), is closely analogous to the case at bar. In that case an improper claim was filed. In the determination of the right of appeal, the court said:

''The answer does not set up a proper counterclaim in this action and the amount of such counterclaim will not be considered in determining the appellate jurisdiction of this court.'' Citing 3 C. J. 419.

On principle it would seem that a counterclaim which fails to allege a cause of action should also be thus excluded.

While there is much merit in the contention of defendant that the trial court was right in allowing its motion for involuntary nonsuit, this court is obliged, under the state of the record, to dismiss the appeal for lack of jurisdiction in that the amount involved is less than $250.

The motion to dismiss the appeal is allowed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.